DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Ottawa County Court of Common Pleas after defendant-appellant, Richard Pearce, entered a plea of guilty to one count of attempted misuse of a credit card, a felony of the fifth degree. Appellant was sentenced to a maximum prison term of twelve months, which sentence he now challenges through the following assignments of error:
{¶ 2} "I. Assignment of Error One
{¶ 3} "The constitutional rights of Appellant were violated when he was given the maximum possible sentence for a felony of the fifth degree based on findings of fact that were not agreed to by Appellant or his counsel nor found by a jury.
{¶ 4} "II. ASSIGNMENT OF ERROR TWO
{¶ 5} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM POSSIBLE SENTENCE UNDER R.C. 2929.14(C)."
{¶ 6} On May 19, 2004, appellant was indicted and charged with 28 offenses, including theft, engaging in a pattern of corrupt activity, misuse of a credit card, passing bad checks, falsification, and forgery. The crimes all arose out of allegations that appellant obtained credit cards and other accounts in his grandmother's name without her authorization and then used those accounts for personal gain. The indictment also alleged that appellant used his grandmother's credit cards without her consent and accumulated debt in his 86 year old grandmother's name without her permission.
{¶ 7} The case initially proceeded to a jury trial, but after the victim testified for a short time, the court took a recess. When the parties returned to court, they announced that they had reached a plea agreement under which appellant would plead guilty to one count of attempted misuse of a credit card, a fifth degree felony, and the state would dismiss the remaining charges.
{¶ 8} On September 30, 2004, the sentencing hearing was held in the case below. Initially, the court asked appellant if he had anything to say in mitigation, to which appellant responded "no." The court then heard from appellant's attorney regarding appellant's history of alcohol abuse and attempts to enter treatment programs, and from appellant's grandmother, the victim, who stated that appellant had made no attempts to apologize to her. The court then recited appellant's extensive criminal history which dates back to 1975 and includes convictions for burglary, possession of stolen property, possession of amphetamines, theft, criminal trespass, driving under the influence, driving under suspension, theft by deception, failure to appear, criminal damaging, nonsupport of dependents, carrying a concealed weapon, having a weapon while under a disability, disorderly conduct, and violating his probation. The court then reviewed the circumstances of the current case, noting that although appellant pled guilty to one offense of attempted misuse of a credit card, it was part of a scheme to procure money from appellant's grandmother. The court then proceeded to sentence appellant as follows:
{¶ 9} "In sentencing in a felony case, the Court is required to protect, or to fashion a penalty which will both protect the public and punish the offender, the public in this case, being the grandmother.
{¶ 10} "There is no prison, no mandatory prison term required.
{¶ 11} "In fashioning a penalty, the Court must take a look at what are called seriousness and recidivism factors. Those are indicators that tell the judge whether this should be considered a more serious or less serious type of offense and whether or not the Defendant is more or less likely to commit future offenses.
{¶ 12} "The more serious factors jump right off the page. The injury and the fraud was exacerbated because of the age of the victim, defendant's 86-year-old grandmother.
{¶ 13} "And the relationship with the victim facilitated the offense. She has, over the years, placed trust in Mr. Pearce, which enabled him to do her in financially.
{¶ 14} "She continues to suffer significantly and financially from the crimes perpetrated by the Defendant, and she surmises that she is going to continue to receive bills significantly into the future because of Mr. Pearce's activities.
{¶ 15} "Defendant, at least when he talked to Mr. Haley, continued to deny the offenses, explaining that he was entitled to these funds, and his continued denials hampered further investigation by authorities.
{¶ 16} "Less serious factors are not present.
{¶ 17} "Likely indicators of recidivism: The long history of criminal convictions which I have already detailed, the fact that the Defendant has not responded favorably either to treatment options afforded him or to sanctions previously imposed.
{¶ 18} "Defendant has a drug and alcohol abuse pattern related directly to these offenses which he either does not acknowledge or for which he refuses either to seek out or profit by treatment programs.
{¶ 19} "Until this last turn of events, we were hopeful that we could get Mr. Pearce into CROSSWAEH, the CROSSWAEH found him to be uncooperative, untruthful. The validity and accuracy of the information that he gave to them was highly questionable, and they don't want them around their place, so I am not going to ask them to change their mind.
{¶ 20} "Also, the Defendant shows no genuine remorse for what he as done. Less likely indicators are not present. Then we take a look at nine separate factors set forth at 2929.13. If any one of those is present, then the Court is required to sentence the Defendant to prison under certain circumstances even though there might be a presumption against prison for this felony of the fifth degree. Two of those indicators are present. First, the offense was part of organized criminal activity. And secondly, that the Defendant has served a prior prison term.
{¶ 21} "So considering all of the foregoing, I conclude that the more serious factors outweigh the less serious factors, that recidivism is overwhelmingly more likely, and that a term of community control would not be consistent with the purposes and principles for sentencing.
{¶ 22} "The Court has also considered the options of the least prison term, some intermediate prison term, or the longest possible prison term, and I conclude that the longest prison term is appropriate because it applies to an offender who has committed the worst form of the offense, fraud upon an elderly family member, and an offender who poses the greatest likelihood of committing future crimes.
{¶ 23} "Based on all of the foregoing, Mr. Pearce, you are sentenced to twelve months in the Ohio Bureau of Rehabilitation and Corrections. There is no fine. I will impose Court costs.
{¶ 24} "Because I have imposed the longest term possible, I am required to state findings for the record justifying my imposition of that penalty, and I incorporate by reference all the prior facts and findings that I have stated throughout this hearing and state, in addition, that Mr. Pearce is a practiced con artist who has victimized his grandmother for a number of years; secondly, that he is an incorrigible con artist, and no amount of criminal sanctions seem to act as a deterrent to similar criminal behavior.
{¶ 25} "Accordingly, the longest term is imposed."
{¶ 26} On October 5, 2004, the lower court filed a judgment entry of sentence, incorporating its findings from the sentencing hearing. It is from that judgment that appellant now appeals.
{¶ 27} Appellant's assignments of error are related and will be discussed together. Appellant asserts that the lower court erred in imposing on him the maximum possible sentence and that such sentence violated his constitutional rights.
{¶ 28} We note at the outset that an offender who receives the maximum possible prison term for only one offense has a statutory right to appeal the sentence. R.C. 2953.08(A)(1)(a). On review, an appellate court cannot reverse a felony sentence unless we find, by clear and convincing evidence, that the record does not support the sentencing court's findings or the sentence is otherwise contrary to law. R.C.2953.08(G)(2)(a) and (b).
{¶ 29} Appellant was convicted of attempted misuse of a credit card in violation of R.C. 2913.21(B)(2) and R.C. 2923.02(A), a fifth degree felony. Pursuant to R.C. 2929.14(A)(5), the range of prison terms for a fifth degree felony is between six and twelve months. As set forth above, in this case the trial court ordered appellant to serve 12 months in prison, the maximum term allowable by law.
{¶ 30} R.C. 2929.13(B)(1) provides that, in sentencing an offender for a fifth degree felony, the sentencing court shall determine if any of the following relevant conditions apply:
{¶ 31} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
{¶ 32} "* * *
{¶ 33} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term."
{¶ 34} Pursuant to R.C. 2929.13(B)(2)(a), once a finding is made under R.C. 2929.13(B)(1)(a)-(i), "and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
{¶ 35} R.C. 2929.11(A) states that the overriding purpose of the felony sentencing statutes is to "protect the public from future crime by the offender and others and to punish the offender." To achieve this purpose, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Accordingly, the trial court's sentence should be reasonably calculated to achieve these purposes, mindful of the seriousness of the offender's conduct and its impact upon the victim, and consistent with other sentences imposed for similar conduct by similar offenders. R.C. 2929.11(B).
{¶ 36} Pursuant to R.C. 2929.12(A), the trial court has discretion in determining "the most effective way to comply with the principles and purposes of sentencing set forth in" R.C. 2929.11. Id. However, in exercising its discretion, the trial court must consider the factors enumerated in R.C. 2929.12(B) and (C) to determine whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. In addition, the court must further evaluate the factors enumerated in R.C. 2929.12(D) and (E), which relate to the likelihood that the offender will commit future crimes.
{¶ 37} In making the mandatory determinations pursuant to R.C. 2929.12, the trial court is not required to use specific language or make specific findings. State v. Arnett (2000), 88 Ohio St.3d 208, 215. In fact, a trial judge may satisfy his or her duty under R.C. 2929.12 with nothing more than a rote recitation that the applicable factors were considered. Id.
{¶ 38} In order to sentence an offender to the maximum term of incarceration, a trial court must make certain findings pursuant to R.C.2929.14(C). Specifically, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." State v. Edmonson (1999),86 Ohio St.3d 324, 329. Those criteria are: (1) the offender committed the worst form of the offense; (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a major drug offender; and (4) the offender is a repeat violent offender. R.C.2929.14(C).
{¶ 39} In addition, pursuant to R.C. 2929.19(B)(2)(d), if the sentencing court imposes a maximum prison term for a single offense pursuant to R.C. 2929.14(C), it must set forth its reasons for doing so. See State v. Moore (2001), 142 Ohio App.3d 593, 597, citingEdmonson, supra at 328. Those reasons must be stated at the sentencing hearing. See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph two of the syllabus; State v. Newman, 100 Ohio St.3d 24, 2003-Ohio-4754.
{¶ 40} Upon review of the transcript from the sentencing hearing below, we conclude that the trial court made the required findings for imposing the maximum sentence of 12 months for a fifth degree felony offense. Appellant asserts that the trial court erred in considering the offenses with which he was charged but not convicted to support imposing the maximum sentence. Appellant, however, has an extensive criminal record which supported the trial court's conclusion that he posed the greatest likelihood of committing future crimes. That alone would support the trial court's imposing the maximum sentence. R.C. 2929.14(C).
{¶ 41} Finally, appellant asserts that the court violated his constitutional rights by enhancing his sentence to the maximum by using information learned about the crimes for which he was indicted but not convicted to support the sentence. Appellant cites the recent United States Supreme Court decision of Blakely v. Washington (2004), ___ U.S. ___, 159 L.Ed.2d 403, 124 S.Ct. 2531, in support. This court, however, has held that the Blakely protections of a defendant's right to trial by jury are not implicated under Ohio's sentencing scheme and that Blakely
applies only when the maximum sentence in the available range for on offense has been exceeded which, under Ohio law, simply does not occur. See State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217.
{¶ 42} Accordingly, we conclude that the trial court did not err in imposing the maximum possible sentence on appellant for a fifth degree felony and appellant's assignments of error are not well-taken.
{¶ 43} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Ottawa County and for which execution is awarded. See App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J. Concur.