DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentencing for rape and kidnapping issued by the Ottawa County Court of Common Pleas. Because we conclude that the trial court's sentencing analysis was proper and that any assertion of allied offenses of similar import was waived, we affirm.
 {¶ 2} In 2004, Teresa W. and her three-year-old son, Trevor, lived in the same Port Clinton apartment complex as appellant, Thomas C. Johnson. According to Teresa, at approximately 7:30 p.m. on the evening of February 24, appellant came to her apartment and told her that his two-year-old son wanted Trevor to come over and play. Appellant told Teresa that his fiancé was at the apartment.
 {¶ 3} At approximately 8:15 p.m., when Teresa went to pick up Trevor, she found him sitting on a sofa, crying and eating a popsicle. Appellant told Teresa that his two-year-old had hit Trevor in the head with a toy while playing and that he gave both boys popsicles to quiet them down. When Teresa took the boy home, however, Trevor told her, "Tommy pulled out his wiener [and] put his wiener in my butt."
 {¶ 4} Teresa notified the Ottawa County Sheriff's Department of Trevor's allegations. At the direction of a sheriff's detective, she took the child to a local hospital for an examination. With the exception of a bruise on Trevor's back, the initial examination was inconclusive. A second examination, however, conducted at another hospital revealed a recent anal laceration consistent with trauma.
 {¶ 5} Detectives interviewed appellant, who denied the child's allegations. Appellant even submitted to, and passed, a polygraph examination. Nevertheless, when evidence collected from the child's body and his clothes was determined to be semen, the DNA of which matched appellant's, he confessed to molesting the child.
 {¶ 6} On May 12, 2004, an Ottawa County Grand Jury handed down a four-count indictment charging appellant with rape of a child under age ten and kidnapping, both first degree felonies, felonious assault, and child endangering, second and third degree felonies respectively.
 {¶ 7} Appellant initially pled not guilty, but eventually agreed to plead guilty to rape and kidnapping in exchange for deleting the victim under age ten specification on the rape count and dismissal of the assault and child endangering counts. The trial court accepted appellant's guilty plea to the two remaining counts and, following a presentencing investigation, sentenced appellant to the maximum term allowed by law: ten years incarceration for each count. The court also ordered that the sentences be served consecutively.
 {¶ 8} From this judgment, appellant brings this appeal. Appellant sets forth the following three assignments of error:
 {¶ 9} "ASSIGNMENT OF ERROR 1
 {¶ 10} "Trial court failed to give proper consideration to the sentencing factors set forth in R.C. 2929.12 and R.C. 2929.14, and the trial court failed to make the necessary statutory findings as required by R.C. 2929.14(E)(4) before imposing consecutive sentences.
 {¶ 11} "ASSIGNEMNT OF ERROR 2
 {¶ 12} "The trial court erred to the Defendant's prejudice by sentencing the Defendant to consecutive terms of prison as the offenses are allied offense of similar import.
 {¶ 13} "ASSIGNMENT OF ERROR 3
 {¶ 14} "The trial court erred in failing to hold a hearing to determine if the crimes that defendant was sentenced for were actually allied offenses of similar import."
 I. Consecutive Sentences {¶ 15} The trial court imposed the maximum allowable sentence for each count of which appellant was convicted and made these sentences consecutive. In his first assignment of error, appellant complains that the court improperly weighed the statutory sentencing factors.
 {¶ 16} R.C. 2929.11 and R.C. 2929.12 provide the basic principles of criminal sentencing in Ohio and the specific factors which must be considered. The overriding purpose of felony sentencing is to punish the offender and to protect the public. R.C. 2929.11(A). The sentence imposed should be calculated to achieve these goals and be, "* * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim * * *." Id. A sentencing court has discretion to determine the most effective manner with which to implement the principles and purposes of sentencing. R.C. 2929.12(A); State v. Pearce,
6th Dist. No. OT-04-048, 2005-Ohio-3361, at ¶ 36. In exercising that discretion, however, the court must evaluate the factors enumerated in R.C. 2929.12(B) through (E) to determine whether the offender's conduct is more or less serious than conduct normally constituting the offense and whether the offender is more or less likely to offend again in the future. Id. No specific finding or language is required to demonstrate compliance with R.C. 2929.12. It is sufficient that the court do nothing more than state consideration of the applicable factors. State v.Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-302.
 {¶ 17} In this matter, the court specifically discussed during the sentencing hearing the factors it considered important: the physical violation of this infant victim and the likely long-term psychological harm caused by that violation; the betrayal of trust and appellant's use of his role as an adult authority figure to manipulate the victim; appellant's failure to accept responsibility for his acts; and his lack of remorse. These statements satisfy R.C. 2929.12 and support the court's conclusion that a non-prison sentence or minimum sentence would not adequately punish the offender or protect the public and would demean the seriousness of the offense.
 {¶ 18} With respect to the imposition of maximum sentences, a court may impose the longest term of incarceration permitted by law only if statutorily mandated or it finds that the offender has committed the worst form of the offense or that the offender possesses the greatest likelihood of committing future crimes. R.C. 2929.14(C). When imposing a maximum sentence, the court is required to state its reasons at the sentencing hearing. R.C. 2929.19(B)(2)(d); State v. Comer,99 Ohio St.3d 463, 469, 2003-Ohio-4165, at ¶ 26.
 {¶ 19} Concerning consecutive sentences,
 {¶ 20} "When multiple prison terms are imposed on an offender for multiple offense convictions, the trial court has the option of imposing consecutive prison terms. R.C. 2929.14(E)(4). In order for the trial court to impose consecutive sentences, the court must make three findings. The court must find that: 1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, R.C. 2929.14(E)(4); 2) the imposition of consecutive sentences is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, Id.; and 3) the court must also find that one of the additional factors listed below in R.C.2929.14(E)(4)(a) through (c) applies:
 {¶ 21} `(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * * or was under post-release control for a prior offense.
 {¶ 22} `(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 23} `(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.'" State v. Jones, 6th Dist. No. E-03-012, 2004-Ohio-1333, at ¶ 6 through 9.
 {¶ 24} As with maximum sentences, the reason for imposing consecutive sentences must be stated during the sentencing hearing. Comer, supra, at the syllabus.
 {¶ 25} At the sentencing hearing, the court, stating that it could, "* * * think of nothing worse than kidnapping and forcible rape of a three-year-old boy," found that appellant committed the worst form of the offense. It also found, "that the offender poses the greater likelihood of committing future offenses because of his total lack of remorse." Additionally, the court stated:
 {¶ 26} "I believe that consecutive sentences are necessary to protect the public and punish the offender, that they are not disproportionate to the seriousness of the defendant's conduct, and the danger that the Defendant poses to the public, and even with the meager prior criminal record, I predicate my finding of danger on the fact the Mr. Johnson simply does not acknowledge that he did anything wrong. That is a state of affairs that will lead to further harm down the line, and I find Mr. Johnson is a danger to the public.
 {¶ 27} "I also conclude that the harm caused by multiple offenses was so great that no single prison term could adequately reflect the seriousness of the defendant's conduct."
 {¶ 28} Appellant maintains that the trial court "neither made its mandatory finding nor gave its reasons." The record belies this assertion. Accordingly, appellant's first assignment of error is not well-taken.
 II. Allied Offenses {¶ 29} In his remaining assignments of error, appellant insists that rape and kidnapping are allied offenses of similar import which, pursuant to R.C. 2941.25, may only support a single conviction. Alternatively, appellant maintains, that the trial court should have ordered a hearing as to whether rape and kidnapping are allied offenses of similar import.
 {¶ 30} R.C. 2941.25 provides:
 {¶ 31} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 32} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 33} Citing State v. Donald (1979), 57 Ohio St.2d 73, appellant notes that kidnapping, as defined by R.C. 2905.01(A)(4), and rape, as defined by R.C. 2907.02(A)(1), have been held to be offenses of similar import. Thus, pursuant to R.C. 2941.25(A), appellant maintains, he could not have been convicted of both offenses.
 {¶ 34} Appellant avoids mention of the fact that his conviction on these two offenses was the result of a plea agreement to which he was a party. The agreement was for him to plead guilty to both of theses offenses in return for dismissing two counts against him and deleting the "victim under the age of ten years"[1] specification from the rape charge. This last concession avoided a possible life sentence.
 {¶ 35} Perhaps because of this agreement, appellant failed to raise the allied offenses issue before the trial court or object to his conviction on both counts. Failure to raise an allied offense is a similar import issue before the trial court, "* * * constitutes a waiver of the error claimed." State v. Comen (1990), 50 Ohio St.3d 206, 211; see, also, State v. Adams, 103 Ohio St.3d 508, 526, 2004-Ohio-5845 at ¶89. Moreover, even were we to engage in a plain error analysis, see Crim.R. 52(B); we would have to conclude that in these circumstances any purported error was invited. See State v. LaMar, 95 Ohio St.3d 181, 199,2002-Ohio-2128, at ¶ 102. Accordingly, appellant's second and third assignments of error are not well-taken.
 {¶ 36} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J. Concur.
[1] R.C. 2907.02(A)(1)(b) actually applies to victims under the age of 13.