DECISION AND JUDGMENT
{¶ 1} Appellant appeals his reclassification as a Tier II sex offender, pursuant to the Ohio Sex Offender Registration Act. For the reasons that follow, we affirm his reclassification. *Page 2 
 {¶ 2} In 1998, appellant, Russell Lee Montgomery, was convicted of two counts of unlawful sexual conduct with a minor. Pursuant to the version of R.C. 2950 then effective, appellant was classified as a sexually oriented offender.
 {¶ 3} In 2007, the Ohio General Assembly enacted a revision of R.C. Chapter 2950 and related statutes. Am. Sub. S.B. No. 10 (Ohio's Adam Walsh Act). The act eliminated the prior sex offender classifications, substituting a three-tier classification based on the offense committed.
 {¶ 4} In a November 26, 2007 letter, the Ohio Attorney General advised appellant that, pursuant to S.B. 10, he was being reclassified from a "sexually oriented offender" to a "Tier II Offender." According to appellant, such reclassification changes his sex offender registration requirements from annually for 10 years to biannually for 25 years. Appellant characterizes these reporting changes as "onerous."
 {¶ 5} On November 7, 2008, appellant requested a hearing to contest the application of S.B. 10 to him and sought that the court bar his reclassification. Following the hearing, the trial court found that appellant had been appropriately reclassified and denied his request. From this judgment, appellant now brings his appeal, setting forth the following ten assignments of error:
 {¶ 6} "Assignment of Error No. I: The trial court violated appellant's constitutional rights in retroactively applying Ohio's AWA against appellant.
 {¶ 7} "Assignment of Error No. II: The trial court violated appellant's Ohio constitutional rights in retroactively applying Ohio's AWA against appellant. *Page 3 
 {¶ 8} "Assignment of Error No. III: The trial court violated the doctrine of separation of powers in retroactively applying Ohio's AWA against appellant.
 {¶ 9} "Assignment of Error No. IV: The trial court violated the double jeopardy clause of the United States and Ohio Constitution by reclassifying appellant and subjecting him to multiple punishments.
 {¶ 10} "Assignment of Error No. V: The residency restrictions of the AWA violate appellant's right to due process.
 {¶ 11} "Assignment of Error No. VI: The trial court erred in subjecting appellant to the community notification requirements under AWA, because appellant was not subject to community notification requirements under pre-AWA law.
 {¶ 12} "Assignment of Error No. VII: The trial court violated the equal protection clause of the United States Constitution by applying the AWA against appellant.
 {¶ 13} "Assignment of Error No. VIII: The trial court violated the protection against bills of attainder by applying the AWA against appellant.
 {¶ 14} "Assignment of Error No. IX: The trial court violated theeighth amendment protection against cruel and unusual punishment by applying the AWA against appellant.
 {¶ 15} "Assignment of Error No. X: The trial court breached the contract and the right to contract, under the Ohio and United States constitutions, by reclassifying appellant under the AWA[.]" *Page 4 
 {¶ 16} Am. Sub. S.B. No. 10 was enacted in 2007 to conform Ohio law to the requirements of the federal Adam Walsh Child Protection and Safety Act of 2006. Pub.L. No. 109-248. The stated purpose of the Ohio act is "* * * to provide increased protection and security for the state's residents from persons who have been convicted of, or found to be delinquent children for committing, a sexually oriented offense or a child-victim oriented offense * * *." Am. Sub. S.B. No. 10, Section 5. Similar language is used in the purpose section of the federal act. ("In order to protect the public from sex offenders and offenders against children, * * * Congress in this chapter establishes a comprehensive national system for the registration of those offenders * * *.") Section 16901, Title 42, U.S. Code. Moreover, the Ohio legislature has declared that the purpose of sex offender registration is, "not punitive, [but] to protect the safety and general welfare of the people of this state." R.C. 2950.02(B). This statement of purpose antedates the present amendment. See State v. Ferguson, Slip Opinion No. 2008-Ohio-4824, ¶ 28.
 {¶ 17} In Ferguson, the Supreme Court of Ohio examined many of the arguments appellant raises here in the context of an earlier version of the sex offender registration and notification statute. The court noted that the legislature had expressly concluded that "* * * all sex offenders pose a risk of engaging in further sexually abusive behavior after being released from prison and that the protection of the public from those offenders is a paramount governmental interest." Id. at ¶ 7. Relying on its decisions with respect to an even earlier version of the sex offender registration act, the court reaffirmed its *Page 5 
conclusion that the sex offender registration law was remedial rather than punitive. Id. at ¶ 32. As a result, the court found the law offended neither the prohibition against retroactive laws in the Ohio Constitution, id. at ¶ 40, nor the federal prohibition against ex post facto laws. Id at ¶ 43.
 Retroactive — Ex Post Facto {¶ 18} In his first two assignments of error, appellant maintains that R.C. Chapter 2950, as amended by S.B. 10, violates the federal and Ohio constitutional prohibitions against ex post facto or retroactive laws.
 {¶ 19} Although Ferguson, supra, expressly excluded consideration of the S.B. 10 amendments, id. at fn. 1, we are unable to distinguish the reasoning employed. Once it is determined that the legislature intended that a statute apply retroactively, it must be determined whether the nature of the right affected is substantive or merely remedial.State v. Cook (1998), 83 Ohio St.3d 404, 410-411, 1998-Ohio-291. "A statute is `substantive' if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligation or liabilities as to a past transaction, or creates a new right. Conversely, remedial laws are those affecting only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right." Id. at 411 (citations omitted).
 {¶ 20} The court noted that Ohio has had some type of statutory sex offender registration since 1963. Thus, the amendment under review inCook involved only a change in the classification, frequency and duration of prior registration requirements. *Page 6 
Id. at 411-412. This, the court concluded, made the registration and verification procedures "remedial in nature" and, consequently not violative of the retroactivity prohibition. Id. at 413.
 {¶ 21} Examining the statutory amendments at issue inFerguson, the court followed the Cook reasoning and concluded that the amendments were remedial rather than punitive, "* * * designed to protect the public rather than to punish the offender * * *"Ferguson at ¶ 36.
 {¶ 22} Applying this same analysis to the provisions enacted in S.B. 10, we note that the legislature has renamed the categories of sex offenders, in some cases reclassified certain offenses within these categories and extended, sometimes significantly, the length and frequency of the registration requirements. Nevertheless, the approach employed in the new act remains only a modification in the classification, frequency and duration of registration. Thus, we conclude that the S.B. 10 amendments at issue here are remedial and civil in nature. See id. at ¶ 43. Accord In re G.E.S., 9th Dist. No. 24079, 2008-Ohio-4076, ¶ 13, 19; State v. King, 2d Dist. No. 08-CA-02,2008-Ohio-2594, ¶ 11; In the matter of Gant, 3d Dist. No. 1-08-11,2008-Ohio-5198, ¶ 18-20.
 {¶ 23} Amendments that are remedial in nature are not unconstitutional on retroactivity grounds. Ferguson, citing State v. Consilio,114 Ohio St.3d 296, 2007-Ohio-4163, ¶ 9. The prohibition against ex post facto laws concern criminal matters only and has no application with respect to civil law. Id. at ¶ 43. Accordingly, appellant's first and second assignments of error are not well-taken. *Page 7 
 {¶ 24} Moreover, since we have concluded that the amendments at issue are not punitive, but civil remedial measures, no multiple punishments are at issue, nor is the Eighth Amendment protection against cruel and unusual punishment implicated. Accordingly, appellant's fourth and ninth assignments of error are not well-taken.
 Separation of Powers {¶ 25} In his third assignment of error, appellant maintains that the legislative enactment of S.B. 10 unconstitutionally infringes on the power of the judiciary by stripping it of the right to determine the classification of sexual offenders.
 {¶ 26} Appellant's complaint in this regard is somewhat perplexing. He only points out that under prior law a habitual sex offender or sexual predator classification required judicial determination, while S.B. 10 classifies by offense. He directs us to no authority or any inherent judicial authority for criminal sentencing or classification outside the bounds of that which is statutorily circumscribed. Moreover, he is factually in error with respect to the statutory modifications. Sexual offenders were previously classified by offense, the default classification being that anyone convicted of a statutorily defined sexual offense was a sex offender. We fail to see how this violates the doctrine of separations of powers.
 {¶ 27} Finding no conflict in this regard between the judiciary and the legislature, appellant's third assignment of error is not well-taken. *Page 8 
 Residency Restrictions {¶ 28} Appellant maintains in his fifth assignment of error that the residency restrictions imposed by S.B. 10 violate his right to due process.
 {¶ 29} R.C. 2950.034, earlier codified as R.C. 2950.031, provides that no one "* * * who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises * * *." S.B. 10 added to the residence prohibition a "* * * preschool or child day-care center premises." Appellant insists that such a residency restriction infringes on his fundamental liberty and privacy interests to live where he chooses. According to appellant, even if the state's interest in protecting children from sex offenders constitutes a compelling interest, its response must be narrowly tailored. SeeState v. Burnett, 93 Ohio St.3d 419, 429, 2001-Ohio-1581. Since R.C. 2950.034 restricts all sex offenders, even those whose sole crimes involved adults, appellant argues, it is not so narrowly constructed.
 {¶ 30} We believe that protecting children from sex offenders does constitute a compelling state interest. As to whether the statute sweeps too broadly, appellant lacks standing to raise this issue as he was convicted of two counts of unlawful sexual contact with a minor. Accordingly, appellant's fifth assignment of error is not well-taken.[1] *Page 9 
 Community Notification {¶ 31} In his sixth assignment of error, appellant complains that his reclassification as a Tier II sex offender is improper because he was not previously subject to the community notification requirement of the law.
 {¶ 32} Active community notification for Tier I and Tier II offenders is not provided for in S.B. 10. See R.C. 2950.11(F)(1); State v.King, supra, ¶ 20. The offender's registration status is a public record which may be compiled and made available through other means, but this represents no change from prior law. Thus the community notification provisions of S.B. 10 do not operate to appellant's prejudice. Accordingly, appellant's sixth assignment of error is not well-taken.
 Equal Protection {¶ 33} Appellant complains in his seventh assignment of error that that S.B. 10 violates the Equal Protection Clause because it hierarchically categorizes sex offenders on "no rational basis."
 {¶ 34} "When legislation infringes upon a fundamental constitutional right or the rights of a suspect class, strict scrutiny applies. If neither a fundamental right nor a suspect class is involved, a rational-basis test is used. * * * This test requires that a statute be upheld if it is rationally related to a legitimate government purpose."Arbino v. Johnson and Johnson, 116 Ohio St.3d 468, 2007-Ohio-6948, ¶ 64, 66 (citations omitted). *Page 10 
 {¶ 35} Appellant has directed us to no authority that sex offenders have ever been designated a suspect class for an equal protection analysis. As to differentiating sex offenders one from the other, the purpose clause of R.C. Chapter 2950 articulates that sex offenders have a higher rate of recidivism and states a statutory purpose to protect the public against future offenses. It seems self-evident that offenders who commit rape, or sexual battery, or murder with sexual motivation should be subjected to the greater scrutiny afforded a Tier III offender than panderers or voyeurs who are classified as Tier I. Such classifications are, in our view, rationally related to the legitimate government purpose articulated in the act.
 {¶ 36} Accordingly, appellant's seventh assignment of error is not well-taken.
 Bill of Attainder {¶ 37} Appellant insists in his eighth assignment of error that the application of S.B. 10 to him constitutes a bill of attainder prohibited by Section 9, Article I of the United States Constitution. Citing Blackstone's Commentaries, appellant notes that historically a bill of attainder was used to enact the forfeiture of property from dead traitors in colonial times. The modern version, according to appellant, was articulated by the United States Supreme Court in United States v.Brown (1965), 381 U.S. 437, 448-9: "`[Legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution,'" quoting U.S. *Page 11 v. Lovett (1946), 328 U.S. 303, 316-316. Appellant maintains that he is an easily identified member of a group who is being punished without judicial trial.
 {¶ 38} The fallacies of this argument of this argument are (1) our courts have consistently held the provision of S.B. 10 and its genre to be remedial rather than punitive, and (2) a judicial trial and subsequent conviction is a necessary antecedent to the application of any of the provisions of R.C. 2950. Thus, even using appellant's formulation of that which constitutes a bill of attainder, the legislation at issue does not fit the formulation. Accordingly, appellant's eighth assignment of error is not well-taken.
 Breach of Contract {¶ 39} In his remaining assignment or error, appellant suggests the application of S.B. 10 to him violates his right to contract. According to appellant, his conviction was the result of a plea agreement. CitingState v. Butts (1996), 112 Ohio App.3d 683, 686, appellant argues that a plea agreement is a contract, subject to the rules governing contracts, including the contractual axiom that the law in effect at the time a contract is entered into becomes part of the contract. The law with respect to sex offender classification, registration, and notification at the time of his plea agreement antedates S.B. 10; therefore, the provisions of S.B. 10 should not properly apply to him, appellant insists.
 {¶ 40} "Except with regard to constitutional protections against ex post facto laws, * * * felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation."State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, *Page 12 
281-282, quoted in State v. Cook, supra, at 412. There is nothing in the record to establish that appellant's conviction was the result of a plea agreement, nor any suggestion of the terms of any such agreement. In any event, the court was not a party to such an agreement, State v.Brown, 5th Dist. No. 2007 CA 00095, 2008-Ohio-880, ¶ 76, and is not bound by its terms. Thus, amended registration requirements do not offend appellant's right to contract.
 {¶ 41} Accordingly, appellant's final assignment of error is not well-taken.
 {¶ 42} On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. JUDGE
[1] We note that with respect to retroactive application of the residency restriction, it has been held that the legislature did not intend this provision to be applied retroactively. Thus appellant is not barred from occupying a home if the house was purchased and his offense committed prior to the effective date of the statute. Hyde v.Porter, 117 Ohio St.3d 165, 2008-Ohio-542, syllabus. *Page 1