DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas that sentenced appellant on four counts of importuning following his plea of guilty, imposed sentence and found appellant to be a Tier I sex offender. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appellant sets forth two assignments of error:
 {¶ 3} "Assignment of error No. 1:
 {¶ 4} "The retroactive application of the amended R.C. § 2950.01, et seq. to Mr. Duncan violates the ex post facto clause of the United States Constitution and the retroactivity clause of the Ohio Constitution.
 {¶ 5} "Assignment of error No. 2:
 {¶ 6} "The retroactive application of the amended R.C. § 2950.01, et seq.'s residency restrictions to Mr. Duncan deprives him of due process of law."
 {¶ 7} The following facts are relevant to the issues raised on appeal. In 2007, the Ohio General Assembly enacted a revision of R.C. Chapter 2950 and related statutes. Am. Sub. S.B. No. 10. The bill was enacted to conform Ohio law to the requirements of the federal Adam Walsh Child Protection and Safety Act of 2006. The Ohio act, effective January 1, 2008, eliminated the prior sex offender classifications and substituted a three-tier classification based on the offense committed. The stated purpose of the Ohio act is "* * * to provide increased protection and security for the state's residents from persons who have been convicted of, or found to be delinquent children for committing, a sexually oriented offense or a child-victim oriented offense * * *." Am. Sub. S.B. No. 10, Section 5.
 {¶ 8} On February 11, 2008, pursuant to a plea agreement, appellant pled guilty to four counts of importuning in violation of R.C. 2907.07(D)(2). The state agreed to the dismissal of two additional counts of importuning and one count of attempted unlawful *Page 3 
sexual conduct with a minor. The state alleged that, between December 2006 and July 2007, appellant solicited a law enforcement officer posing as a 14-year-old female to engage in sexual conduct. The trial court found appellant guilty and ordered a presentence investigation. On May 13, 2008, the trial court sentenced appellant to community control sanctions and classified him as a Tier I sex offender under the amended version of R.C. 2950.01, et seq.
 {¶ 9} In his first assignment of error, appellant asserts that the amended statute is unconstitutional because it was applied retroactively in his case and because the sex offender classification is no longer based on an individualized analysis but rather on the type of crime committed. Specifically, appellant argues that because the amended version of R.C. 2950.01, et seq. determines an offender's classification almost entirely by the offense he commits, and also prohibits a trial court from reducing or vacating an offender's reporting requirements, it is punitive in nature and constitutes an ex post facto and unconstitutionally retroactive law. This court has recently rejected arguments that S.B. 10 is punitive, rather than remedial, in nature.In Montgomery v. Leffler, 6th Dist. No. H-08-011, 2008-Ohio-6397, we examined the question of retroactivity challenges to S.B. 10 and determined that this legislation is civil and remedial in nature. InMontgomery, we concluded that the S.B. 10 amendments "are not unconstitutional on retroactivity grounds." Id. at ¶ 23, citingState v. Ferguson, Slip Opinion No. 2008-Ohio-4824, ¶ 28. See, also,State v. Bodyke, 6th Dist. No. H-07-040, 2008-Ohio-6387. *Page 4 
 {¶ 10} As to appellant's specific claim that the new method of determining a sex offender's classification is unconstitutional, the Supreme Court of the United States has written that "[t]he Ex Post Facto Clause does not preclude a state from making reasonable categorical judgments that conviction of specified crimes should entail particular regulatory consequences." Smith v. Doe (2003), 538 U.S. 84, 103. TheDoe court continued, "The State's determination to legislate with respect to convicted sex offenders as a class, rather than require individual determination of their dangerousness, does not make the statute a punishment[.]" Id. at 104. Therefore, appellant's argument that the new method of classification is punitive is without merit.
 {¶ 11} Based on the foregoing, we do not find appellant's claim that the new law violates the Ex Post Facto Clauses of the United States and Ohio Constitutions to be persuasive and appellant's first assignment of error is not well-taken.
 {¶ 12} In his second assignment of error, appellant asserts that the residency restriction in R.C. 2950.034, barring sex offenders from residing within 1,000 feet of a school, preschool or child daycare center, is an additional or new punishment or burden, and therefore violates substantive due process. The only modification of the statute made by S.B. 10 was to add daycare centers and preschools. Further, the statute was not expressly made retroactive. Therefore, the Ohio Supreme Court's holding with regard to the pre-S.B. 10 amendments in Hyle v.Porter (2008), 117 Ohio St.3d 165, 2008-Ohio-542, syllabus, is controlling. Specifically, the Hyle court held: "Because [former] R.C. 2950.031 was not expressly made retrospective, it does not apply to an offender who *Page 5 
bought his home and committed his offense before the effective date of this statute." Thus, if appellant herein bought his home near a daycare center, preschool or other school prior to the effective date of S.B. 10, the new version of the statute would be inapplicable.
 {¶ 13} In this case, appellant asserts that the amended law subjects him to "possible eviction from his current residence if that residence is within the proscribed distance, or eviction at anytime in thefuture when a school, preschool, or child-care center moves within the proscribed distance." (Emphasis added.) There is no evidence in the record before us that appellant resided in a restricted zone prior to the commission of the offenses for which he was convicted in this case or that he does so now and, accordingly, we must find appellant's substantive due process argument related to the alleged punitive nature of S.B. 10 to be premature and without merit. See, Montgomery, supra;Bodyke, supra; Palazzi v. Estate of Gardner (1987), 32 Ohio St.3d 169, syllabus. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 14} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1