DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his conviction for three counts of rape of a child under age 10, following an Alford plea in the Lucas County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On April 4, 2007, a seven-year-old girl told her mother that a relative who for two years had been her babysitter had repeatedly sexually abused her. The mother *Page 2 
contacted authorities who interviewed the child. Appellant, Kevin Ware, was eventually arrested and his computer searched. The computer search revealed massive numbers of pictures of child pornography, including some of the original complainant.
 {¶ 3} Appellant was eventually named in two separate indictments: the first charging three counts of rape of a minor in violation of R.C. 2907.02 (A)(1)(b) (with a specification that the child was under age 10), gross sexual imposition and the illegal use of a minor in nudity oriented material. The second indictment added a second count of the illegal use of a minor in nudity oriented material and pandering.
 {¶ 4} Appellant pled not guilty to all counts and moved to suppress statements he made to police following his arrest. He also requested that the court determine the competence of the eight-year-old principal witness against him. The court held a hearing on the suppression motion and found it not well-taken. The court also conducted an in camera inquiry into the competence of the eight-year-old principal witness and found her able to testify.
 {¶ 5} Following this, appellant negotiated a plea agreement wherein he would enter a plea pursuant to North Carolina v. Alford (1970),400 U.S. 25. Appellant agreed to plead guilty to three counts of rape. The state would nolle prosequi the remaining counts of both indictments. On January 28, 2008, the court accepted appellant's Alford plea, found him guilty and sentenced him to three consecutive life terms of imprisonment. *Page 3 
 {¶ 6} From this judgment of conviction, appellant now brings this appeal, setting forth the following four assignments of error:
 {¶ 7} "1. There were multiple abuses of discretion by the Trial Court
 {¶ 8} "2. Ineffective assistance of council [sic]
 {¶ 9} "3. Post State v. Foster violation of the Separation of Powers
 {¶ 10} "4. Application of Senate Bill 10 violates Appellant's rights"
 {¶ 11} An Alford plea is one in which a defendant pleads guilty to an offense, with a qualification of innocence. The purpose of enteringan Alford plea "is to avoid the risk of a longer sentence by agreeing to plead guilty to a lesser offense or for fear of the consequences of a jury trial, or both." State v. Bailey, 1st Dist. No. C-030916,2004-Ohio-6427, ¶ 7.
 {¶ 12} "[A]n Alford plea is simply a species of a guilty plea, which, in effect, waives a defendant's right to raise most issues on appeal."State v. Bryant, 6th Dist. No. L-03-1359, 2005-Ohio-3352, ¶ 23. As with all guilty pleas, to be properly accepted, the court must be satisfied that the plea is voluntarily and intelligently offered. State v.Darks, 10th Dist. No. 05AP-982, 2006-Ohio-3144, ¶ 9, Crim. R. 11(C). "The standard for determining the validity of an Alford plea is the same as a regular plea: whether the plea represents a voluntary and intelligent choice among the alternative courses of action available to a defendant." Id. at ¶ 14. "[W]here the record affirmatively discloses that: (1) a guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) his advice was competent in light of the circumstances *Page 4 
surrounding the plea; (4) the plea was made with the understanding of the nature of the charges; and (5) the plea was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v. Piacella (1971), 27 Ohio St.2d 92, 96.
 I. Multiple Abuses of Discretion {¶ 13} In his first assignment of error, appellant enumerates three instances that he suggests constitutes an abuse of discretion by the trial court. The first of these is the trial court's determination that the child witness was competent to testify. Any error in this determination is waived if appellant's guilty plea was properly accepted. State v. Bryant, supra.
 {¶ 14} The second subset of this assignment of error challenges the propriety of the trial court's determination that appellant's Alfordplea was knowingly and intelligently entered. Appellant's principal complaint in this regard is that the state's recitation of the evidence, especially physical evidence, with respect to proof of the allegations against him was insufficient to determine whether the plea was properly entered.
 {¶ 15} We have carefully reviewed the record of the plea proceeding and conclude that the trial court conducted a proper Crim. R. 11 colloquy. There was nothing in the exchange to suggest that the plea was the result of coercion, intimidation or deception. Appellant's counsel was present and appellant indicated on the record that he was satisfied with counsel's performance. Given appellant's own inculpatory statements to *Page 5 
police and the proffered testimony from the eight-year-old victim, the case against him appears strong.
 {¶ 16} The colloquy revealed that appellant was well aware of the nature of the charges against him and the consequences of his plea, including mandatory life sentences for the counts to which he pled. While accepting a life sentence may seem as unfortunate a circumstance as there can be, nevertheless, by the dismissal of the other four counts against him, appellant becomes eligible for parole at an earlier date than he would have if convicted of all counts. Moreover, appellant's counsel suggested during the hearing that appellant was also motivated to minimize publicity of his acts. Given this, we must concur with the trial court's determination that appellant's Alford plea was knowingly and intelligently entered.
 {¶ 17} In the third subset of his first assignment of error, appellant complains that during sentencing the trial court called him a "monster" and apologized for losing emotional control. While it is generally preferable for a court to refrain from value laden statements during sentencing, appellant has failed to suggest how these statements operated to his prejudice. The sentences imposed were statutorily mandated. The only discretion afforded the court was whether such terms were to be served concurrently or consecutively. The court imposed consecutive sentences because, "* * * I feel like I have to make sure there is a situation where you have no contact for as long a period I can control with anybody in this community." Such a sentiment is supported by the facts of *Page 6 
the offenses to which appellant admitted in his plea. Accordingly, appellant's first assignment of error is not well-taken.
 II. Ineffective Assistance {¶ 18} In his second assignment of error, appellant insists that trial counsel was ineffective for failing to object to the court's abuse of discretion during the child witness's competency hearing and for failing to preserve an objection pursuant to Blakely v. Washington (2004),542 U.S. 296, at his sentencing.
 {¶ 19} A properly entered guilty plea waives most antecedent errors. "In ineffective-assistance claims in guilty-plea cases, `the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" State v. Ketterer, 111 Ohio St.3d 70, 79,2006-Ohio-5283, ¶ 89, quoting Hill v. Lockhart (1985), 474 U.S. 52, 59. Appellant has failed to suggest in what manner trial counsel's failure to object to the court's purported misconduct at the competency hearing would have dissuaded him from pleading guilty.
 {¶ 20} Concerning the Blakely question, as the state properly notes, any rights which might have accrued as the result of that case applied only to those sentenced prior to State v. Foster, 109 Ohio St.3d 1,2007-Ohio-856. Since appellant was sentenced well after Foster, noBlakely issue arises. Accordingly, appellant's second assignment of error is not well-taken. *Page 7 
 III. Separation of Powers {¶ 21} In his third assignment of error, appellant asserts that the decision of the Supreme Court of Ohio in State v. Foster, "* * * is not compatible with the controlling precedent of the United States Supreme Court or Ohio Statutes." Appellant offers no further argument or authority on this issue.
 {¶ 22} App. R. 16(A) requires that assignments of error be separately argued, with each argument containing the "* * * contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Arguments which do not identify the error upon which the assignment of error is based or fail to argue the assignment separately, as required by App. R. 16(A), may be disregarded. App. R. 12(A)(2). Appellant's third assignment of error fails to satisfy the rules; consequently it is found not well-taken.
 IV. Senate Bill 10 {¶ 23} 2007 Am. Sub. S.B. 10 is the Ohio enactment of the federal Adam Walsh Child Protection and Safety Act of 2006. The bill revamped R.C. Chapter 2950, Ohio's sex offender registration act. During sentencing, appellant was found to be a Tier III sex offender, subject to a lifetime registration requirement should he be released.
 {¶ 24} In his final assignment of error, appellant insists that S.B. 10 is a retroactive/ex post facto law, violates the doctrine of separation of powers, constitutes *Page 8 
cruel and unusual punishment, is offensive to due process of law and constitutes double jeopardy.
 {¶ 25} We have considered and rejected all of these arguments with respect to S.B. 10. Montgomery v. Leffler, 6th Dist. No. H-08-011,2008-Ohio-6397. Accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 26} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1