DECISION AND JUDGMENT ENTRY
{¶ 1} This is a consolidated appeal from judgments of the Lucas County Court of Common Pleas that found appellant guilty of one count of unlawful sexual conduct with a minor and one count of failure to notify, imposed sentence, and classified appellant as a Tier III sex offender.
 {¶ 2} Appellant sets forth a single assignment of error: *Page 2 
 {¶ 3} "The retroactive application of Senate Bill 10 violates the Ex Post Facto, Due Process, and Double Jeopardy Clauses of the United States Constitution and the Retroactivity Clause of Section 28, Article II of the Ohio Constitution; Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the United States Constitution; and Sections 10 and 28, Articles I and II, respectively, of the Ohio Constitution. (September 20, 2007 Judgment Entry; T.pp. 11-12)."
 {¶ 4} On February 27, 2008, appellant entered a no contest plea to one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3), a felony of the third degree. (Case No. CR2008-1066.) On that same date, appellant also pled no contest to one count of failure to notify in violation of R.C. 2950.05(A), a misdemeanor of the first degree. (Case No. CR2007-3386.) At appellant's sentencing on March 20, 2008, the trial court imposed a sentence of four years for the felony conviction and six months on the misdemeanor conviction and ordered the two sentences to run concurrently. The trial court classified appellant as a Tier III sex offender due to his previous conviction for corruption of a minor in violation of R.C. 2907.04. (Case No. CR1998-3169.)
 {¶ 5} Appellant now challenges the constitutionality of Ohio's Senate Bill 10, effective January 1, 2008, which eliminated the prior sex offender classifications and substituted a three-tier classification system based on the offense committed. Appellant maintains that R.C. Chapter 2950, as amended by S.B. 10, violates the federal and Ohio constitutional prohibitions against ex post facto or retroactive laws. *Page 3 
 {¶ 6} In support of his sole assignment of error, appellant asserts that by tying sex offender classification, registration and notification requirements directly to the crime of conviction, S.B. 10 has created a sex offender registration scheme that is no longer remedial and civil in nature but punitive. As such, appellant argues, the retroactive application of S.B. 10 violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.
 {¶ 7} Upon thorough review of appellant's arguments, we shall follow the law set forth in our decision in Montgomery v. Leffler, 6th Dist. No. H-08-011, 2008-Ohio-6397. In Montgomery, this court determined that S.B. 10 is civil and remedial in nature and, therefore, not unconstitutional on retroactivity grounds, and that the prohibition against ex post facto laws concerns criminal matters only and has no application with respect to civil law. Id. at ¶ 22-23. See, also,State v. Bodyke, 6th Dist. No. H-07-040, 2008-Ohio-6387; State v.Duncan, 6th Dist. No. F-08-003, 2008-Ohio-6802. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 8} On consideration whereof, this court finds that appellant was not prejudiced and the judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Thomas J. Osowik, J., CONCUR. *Page 1