DECISION AND JUDGMENT
{¶ 1} Defendant-appellant, Rondell A. Ohler, appeals the March 10, 2008 judgment of the Huron County Court of Common Pleas, which denied appellant's petition to contest his reclassification as a Tier II sex offender under the Ohio Sex Offender Registration Act. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On January 7, 2000, appellant was indicted on 15 counts of corruption of a minor, in violation of R.C. 2907.04(A), a fourth degree felony. On February 24, 2000, pursuant to a plea agreement with the state, appellant entered guilty pleas to three counts *Page 2 
of corruption of a minor and the remaining counts were dismissed. Appellant was sentenced to three years of community control, with several conditions, and was classified as a sexually oriented offender under former R.C. Chapter 2950. Appellant was required, for ten years, to register with the local sheriffs office within seven days of release from prison or jail, moving to a new address within the county, or moving into a different county.
 {¶ 3} In a letter dated November 26, 2007, appellant was notified that pursuant to Ohio Senate Bill 10, effective January 1, 2008, he would be reclassified as a Tier II Sex Offender and be required to personally register with the local sheriffs office every 180 days for 25 years (with credit for time already registered.) Appellant was also informed of his right to contest the application of the S.B. 10 classification and notification requirements.
 {¶ 4} On January 23, 2008, appellant petitioned the court for a hearing to contest his reclassification. The hearing was held on March 6, 2008; the court affirmed the reclassification and denied appellant's request. This appeal followed.
 {¶ 5} Appellant now raises the following two assignments of error for our consideration:
 {¶ 6} "Assignment of Error I
 {¶ 7} "The retroactive application of Senate Bill 10 violates the Ex Post Facto, Due Process, and Double Jeopardy Clauses of the United States Constitution and the *Page 3 
Retroactivity Clause of Section 28, Article II, Ohio Constitution.Fifth, Eighth, and Fourteenth Amendments, United States Constitution; Section 10, Article I, United States Constitution; Sections 9 and 10, Article I, Section 28, Article II, Ohio Constitution.
 {¶ 8} "Assignment of Error II
 {¶ 9} "The retroactive application of Senate Bill 10 to persons whose convictions were obtained pursuant to pleas of guilty or no contest rather than through trial verdicts impairs the obligation of contract protected by Article I, Section 10, Clause I, United States Constitution and Section 28, Article II, Ohio Constitution."
 {¶ 10} Appellant, in his first assignment of error, challenges the constitutionality of Ohio's Senate Bill 10. Specifically, appellant contends that the new three-tier classification system, based solely on the offense committed, is punitive, rather than civil in nature. Thus, because the reclassification inflicts greater punishment, it cannot be made retroactive.
 {¶ 11} This argument was addressed and rejected by this court inMontgomery v. Leffler, 6th Dist. No. H-08-011, 2008-Ohio-6397. Subsequent to Montgomery, this court, on numerous occasions, affirmed its holding that S.B. 10 is civil and remedial in nature and, thus, not unconstitutional. See State v. Moody, 6th Dist. Nos. L-08-1108, L-08-1109, 2009-Ohio-47, ¶ 7; State v. Duncan, 6th Dist. No. F-08-003,2008-Ohio-6802, ¶ 9. Accordingly, appellant first assignment of error is not well-taken. *Page 4 
 {¶ 12} In appellant's second assignment of error, he argues that the reclassification violated his right to contract with the state in the form of his plea agreement. First, there is no indication that appellant's sexual offender classification was part of the plea agreement. As evidenced in the plea form, the plea agreement "stated entirely" was that appellant would enter guilty pleas on three counts of corruption of a minor and the state would dismiss the remaining 12 counts. Further, this court has held that S.B. 10 does not violate a defendant's right to contract. See State v. Bodyke, 6th Dist. Nos. H-07-040, H-07-041, H-07-042, 2008-Ohio-6387, ¶ 24, citingMontgomery, at ¶ 39. Appellant's second assignment of error is not well-taken.
 {¶ 13} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., Arlene Singer, J., William J. Skow, P.J., CONCUR. *Page 1