DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from a judgment of the Huron County Court of Common Pleas.
 {¶ 2} On April 27, 1990, a jury found appellant guilty of one count of rape, a violation of R.C. 2907.02(A)(2) and a felony of the first degree. The trial court sentenced appellant to an indefinite term of not less than seven years and not more than 25 years in *Page 2 
prison. Subsequent to his sentencing, appellant was classified as sexually oriented offender under former R.C. 2950.01.
 {¶ 3} On April 3, 2008, appellant received notice that he was reclassified as a Tier III sex offender. As such, the notice informed appellant that, under the newly enacted provisions in R.C. Chapter 2950, he would be required to register with the local sheriff's office every 90 days for life and be subject to community notification. The notice indicated, however, that if appellant was not required to provide community notification under former law, the trial court could make a determination removing this requirement.
 {¶ 4} Subsequently, appellant timely filed a petition to contest his reclassification. In his memorandum in support of his petition, appellant contended that the statute, Senate Bill 10 ("S.B. 10"), violated the retroactivity clause found in Section 28, Article II, Ohio Constitution. Further, he asserted that the additional punishment increased his sentence thereby violating the Ex Post Facto Clause of the United States Constitution and the Double Jeopardy Clauses of the United States and Ohio Constitutions.
 {¶ 5} On May 21, 2008, the trial court found that appellant was properly reclassified; however, the court below determined that appellant would not be subject to the community notification provision of the statute. Appellant appeals this judgment and raises the following assignments of error for our consideration: *Page 3 
 {¶ 6} "The retroactive application of Senate Bill 10 violates the Ex Post Facto, Due Process, and Double Jeopardy Clauses of the United States Constitution and the Retroactivity Clause of Section 28, Article II, Ohio Constitution. [sic] Fifth, Eighth, and Fourteenth Amendments, United States Constitution; Sections; Sections 9 and 10, Article I, Ohio Constitution.
 {¶ 7} "The retroactive application of Senate Bill 10 to persons whose convictions were obtained pursuant to pleas of guilty or no contest rather than through trial verdicts impairs the obligation of contract protected by Article I, Section 10, Clause I United States Constitution Clause I, United States Constitution and Section 28, Article II, Ohio Constitution."
 {¶ 8} In his first assignment of error, appellant contends that S.B. 10 is punitive rather than civil in nature. Therefore, he argues that the statute is unconstitutional. This court previously found S.B. 10 to be civil and remedial in nature and, thus, not violative of either the United States or Ohio Constitutions. See State v. Bodyke, 6th Dist. Nos. H-07-040, H-07-041, H-07-042, 2008-Ohio-6387, ¶ 19; Montgomery vLeffler, 6th Dist. No. H-08-011, 2008-Ohio-6397, ¶ 22. As a result appellant's first assignment of error is found not well-taken.
 {¶ 9} In his second assignment of error, appellant argues that the retroactive application of S.B. 10 to individuals who enter pleas of guilty or no contest rather than through a trial verdict impairs the obligation of contract protected by Section 10, Article I, Clause I of the United States Constitution and Section 28, Article II, Ohio Constitution. *Page 4 
 {¶ 10} In the present case, appellant was found guilty by a jury. Consequently, he lacks the requisite standing to raise this issue on appeal. Moreover, this court already determined that the retroactive application of S.B. 10 to sexual offenders whose convictions were the result of a plea agreement does not abridge a criminal defendant's constitutional right to contract. See State v. Ohler, 6th Dist. No. H-08-10, 2009-Ohio-665, ¶ 12. (Citation omitted.) Therefore, appellant's second assignment of error is found not well-taken.
 {¶ 11} The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Thomas J. Osowik, J., CONCUR. *Page 1