DECISION AND JUDGMENT
{¶ 1} Appellant, Dustin A. Henning, appeals the decision of the Ottawa County Court of Common Pleas. Pursuant to 6th Dist. Loc. App. R. 12(A), we sua sponte place this matter on the accelerated docket.
 {¶ 2} On August 9, 2007, Henning was indicted for five counts of unlawful sexual conduct with a minor, violations of R.C. 2907.04(A) and felonies of the fourth *Page 2 
degree. The conduct underlying the offense was alleged to have occurred during September 1 through September 30, 2006.
 {¶ 3} In 2007, the Ohio General Assembly enacted a revision of R.C. Chapter 2950 and related statutes. Am. Sub. S.B. No. 10 ("Adam Walsh Act"). The act eliminated the prior sex offender classifications, substituting a three-tier classification based on the offense committed.
 {¶ 4} On February 12, 2008, Henning entered a plea of guilty to one count and the state dismissed the remaining four counts. He filed a sentencing memorandum contesting the retroactive application of the S.B. 10, arguing that the law in effect at the time of the crime should apply. At sentencing on May 5, 2008, the trial court imposed a term of 18 months incarceration. Finding Henning's pre-sentencing motion not well-taken, the trial court, pursuant to S.B. 10, classified Henning as a Tier II sex offender and ordered that he be subject to notification requirements for 25 years.
 {¶ 5} Henning presents one assignment of error for review:
 {¶ 6} "The trial court erred when sentencing appellant under the newly enacted Senate Bill 10, the Adam Walsh Act, when appellant's crime was committed prior to said enactment and retroactive application of said act is improper and unconstitutional."
 {¶ 7} Henning argues that applying S.B. 10 retroactively violates the prohibitions on ex post facto laws contained in Clause I, Section 10, Article I, United States Constitution, and the prohibition on retroactive laws in Section 28, Article II, Ohio Constitution. *Page 3 
 {¶ 8} This court has examined identical arguments and has rejected them each time. State v. Bodyke, 6th Dist. Nos. H-07-040, H-07-041, H-07-042, 2008-Ohio-6387; State v. Duncan, 6th Dist. No. F-08-003,2008-Ohio-6802; Montgomery v. Leffler, 6th Dist. No. H-08-011,2008-Ohio-6397; State v. Moody, 6th Dist. Nos. L-08-1108, L-08-1109,2009-Ohio-47. On the authority of the foregoing decisions, appellant's assignment of error is not well-taken.
 {¶ 9} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR. *Page 1