DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner-Appellant, Aaron Pletcher, appeals from the decision of the Ross County Court of Common Pleas denying his petition to contest reclassification as a Tier III sexual offender. Appellant argues that reclassification, as required by amended RC. Chapter 2950, is unconstitutional upon a number of grounds. Additionally, he argues the trial court failed to establish by clear and convincing evidence that he is subject to community notification as imposed by his new classification. Appellant's arguments are without merit. Because the requirements imposed by *Page 2 
R.C. 2950 are remedial in nature and not punitive, the statute is not unconstitutional. Further, because he failed to present any evidence at his reclassification hearing, he is unable to establish that the trial court erred in imposing community notification. According, we overrule each of Appellant's assignments of error and affirm the judgment of the trial court.
 I. Facts {¶ 2} In July, 2003, Appellant pleaded guilty to one count of rape and one count of gross sexual imposition. The trial court sentenced him to eight total years of imprisonment, classified him as a sexually oriented offender and ordered him to register as such once a year for ten years, with no community notification requirement.
 {¶ 3} In December, 2007, while still incarcerated, Appellant received a notice of new classification and registration duties from the Office of the Attorney General. The notice informed Appellant that, pursuant to the newly revised sections of Chapter 2950 of the Ohio Revised Code, he had been reclassified as a Tier III Sex Offender.
 {¶ 4} Appellant filed a petition to contest his reclassification and a motion for relief from community notification. The trial court subsequently held a hearing on the matter. Though, during the hearing, Appellant was given an opportunity to present his case, he offered no evidence or sworn *Page 3 
testimony to contest the reclassification. Following the hearing, the trial court determined the following: 1) the revised sections of Chapter 2950 challenged in Appellant's petition are constitutional; 2) Appellant was reclassified properly; 3) the new registration requirements apply to Appellant; 4) Appellant is subject to the community notification requirements of R.C. 2950.11.
 {¶ 5} Following the trial court's decision, Appellant filed the current appeal.
 II. Assignments of Error 1. THE TRIAL COURT ERRED BY NOT APPLYING THE CIVIL MANIFEST WEIGHT OF THE EVIDENCE STANDARD OF REVIEW TO THE APPELLANT, WHO WOULD NOT HAVE BEEN SUBJECT TO THE COMMUNITY NOTIFICATION PROVISIONS UNDER FORMER RC CHAPTER 2950.
 2. THE TRIAL COURT ERRED WHEN IT RULED § 2950 OF THE OHIO REVISED CODE AS MODIFIED BY SENATE BILL 10 ON 1 JANUARY 2008 WAS CONSTITUTIONAL.
 3. THE STATUTORY CONSTRUCTION AND IMPLEMENTATION OF SENATE BILL 10 DOES NOT RATIONALLY RELATE TO A LEGITIMATE GOVERNMENT GOAL.
 III. Senate Bill 10 and R.C. Chapter 2950 {¶ 6} Before we consider the merits of Appellant's case, it is necessary to examine the effect Senate Bill 10 has had on the Ohio *Page 4 
Revised Code Chapter pertaining to sexual offenders, Chapter 2950.[1] Prior to Senate Bill 10, sexual offenders were placed in one of three categories: 1) sexually oriented offender; 2) habitual sex offender, or; 3) sexual predator. How an offender was categorized depended both on the crime committed and the findings of the trial court in the particular case. The three designations had different registration and notification requirements: sexually oriented offenders had to register annually for a period of ten years, but had no community notification requirement; habitual sexual offenders had to register every 180 days for 20 years and community notification could be required every 180 days during that time; sexual predators had to register every 90 days for life and notification could be required every 90 days for life.
 {¶ 7} Chapter 2950, as amended in Senate Bill 10, severely limits the discretion of the trial court. Now, trial courts must categorize offenders simply based upon the type of offense committed. The sexually oriented offender, habitual offender and sexual predator classifications were replaced by new designations: a Tier I sex offender requires registration once a year for 15 years, with no community notification; Tier II requires registration every 180 days for 25 years, with no notification; Tier III, the highest tier, *Page 5 
requires registration every 90 days for life and community notification may be required every 90 days for life.
 {¶ 8} As previously stated, Appellant pleaded guilty to rape and gross sexual imposition and, under the old classification system, the trial court designated him as a sexually oriented offender. As a sexually oriented offender, Appellant would have had to register with the property authorities once annually for a period of ten years and would not have been subject to community notification. Upon reclassification, Appellant automatically became a Tier III offender because of his rape conviction. As such, he now must register every 90 days for life and, further, he is subject to community notification. With these facts in mind, we now turn to the merits of Appellant's case.
 IV. Second and Third Assignments of Error {¶ 9} We first address, out of order, Appellant's second and third assignments of error. Because both of these assignments of error challenge the constitutionality of amended R.C. 2950, we address them as one.
 {¶ 10} There is a presumption that laws enacted in Ohio are constitutional. State v. Ferguson, 120 Ohio St.3d 7, 2008-Ohio-4824,896 N.E.2d 110, at ¶ 12. That presumption remains until the challenger shows beyond a reasonable doubt that the statute in question is unconstitutional. *Page 6 
Id.; Roosevelt Properties Co. v. Kinney (1984), 12 Ohio St.3d 7,13,465 N.E.2d 421. Further, the presumption applies to amended R.C. Chapter 2950. State v. Cook (1998), 83 Ohio St.3d 404, 409, 700 N.E.2d 570. As Appellant's arguments in his second and third assignments of error only challenge the interpretation of constitutional provisions, they are all matters of law and our standard of review is de novo. State v.Messer, 4th Dist. No. 08CA3050, 2009-Ohio-312, at ¶ 5.
 {¶ 11} Appellant challenges the constitutionality of R.C. 2950, as amended by Senate Bill 10, on a number of fronts. He argues that the statute violates the Ex Post Facto and Double Jeopardy Clauses of the U.S. Constitution, that it constitutes a bill of attainder and, finally, that the statute is not rationally related to a legitimate state interest. Ohio courts have previously rejected each of these arguments.
 {¶ 12} We have repeatedly addressed the issue of whether the retroactive application of Senate Bill 10 is an unconstitutional ex post facto law. Each time, we have found that it is not. See, Messer
at ¶ 1; State v. Coburn, 4th Dist. No. 08CA3062, 2009-Ohio-632; State v.Linville, 4th Dist. No. 08CA3051, 2009-Ohio-313; State v. Randlett, 4th Dist. No. 08CA3046, 2009-Ohio-112. Other Ohio courts have found similarly. See, e.g., State v. Ohler, 6th Dist. No. H-08-010,2009-Ohio-665; State v. Rabel, 8th Dist. *Page 7 
No. 91280, 2009-Ohio-350; In re Copeland, 3rd Dist. No. 1-08-40,2009-Ohio-190.
 {¶ 13} A retroactive statute is "unconstitutional if it retroactively impairs vested substantive rights, but not if it is merely remedial in nature." Hyle v. Porter, 117 Ohio St.3d 165, 2008-Ohio-542,882 N.E.2d 899, at ¶ 7, citing State v. Consilio, 114 Ohio St.3d 295,2007-Ohio-4163. Each time we have addressed the issue, we have determined that the reclassification of sexual offenders, as mandated in Senate Bill 10, is remedial in nature and not punitive. See, e.g.,Messer at ¶ 11-12. Nothing in the case sub judice requires us to reassess our previous determinations. As such, we find that R.C. 2950, as amended by Senate Bill 10, does not constitute an ex post facto law.
 {¶ 14} Under the same rationale, neither does the new classification system violate the prohibition against double jeopardy. Again, this court and others have repeatedly addressed the issue. See, e.g.,Messer at ¶ 29-31; Randlett at ¶ 24-25; In re S.R.P., 12th Dist. No. CA2007-11-027, 2009-Ohio-11, at ¶ 30; State v. Ware, 6th Dist. No. L-08-1050, 2008-Ohio-6944, at ¶ 24-25; In re Adrian R., 5th Dist. No. 08-CA-17, 2008-Ohio-6581, at ¶ 32.
 {¶ 15} "Although the Double Jeopardy Clause was commonly understood to prevent a second prosecution for the same offense, the *Page 8 
United States Supreme Court has applied the clause to prevent a state from punishing twice, or from attempting a second time to criminally punish for the same offense. (Internal citations omitted.) The threshold question in a double jeopardy analysis, therefore, is whether the government's conduct involves criminal punishment." State v.Williams, 88 Ohio St.3d 513, 528, 2000-Ohio-428, 728 N.E.2d 342.
 {¶ 16} As already stated, Chapter 2950, as amended in Senate Bill 10, remains remedial in nature, not punitive. Accordingly, because the reclassification of sexual offenders under R.C. 2950 does not constitute additional criminal punishment, the statute is not a violation of double jeopardy.
 {¶ 17} Similarly, R.C. 2950 does not constitute a bill of attainder. "As defined by the United States Supreme Court, a bill of attainder is `a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" State v. Williams, 88 Ohio St.3d 513, 528,2000-Ohio-428, 728 N.E.2d 342, quoting Nixon v. Administrator of GeneralServices (1977), 433 U.S. 425, 468, 97 S.Ct. 2777. Because the statute is remedial and not punitive in nature, no punishment is inflicted. Thus, the reclassification of sexual offenders under R.C. 2950 can not be construed as a bill of attainder. *Page 9 
 {¶ 18} Finally, we find that amended R.C. 2950 is rationally related to a legitimate government goal. Appellant argues that the statutory construction and implementation of R.C. 2950 is irrational because, according to Appellant, there is some evidence that the recidivism rate of sexual offenders is no higher than that of other offenders. When faced with a similar argument, the 11th District Court of Appeals stated the following:
 {¶ 19} "[The appellant] argues the new legislation is irrational because it does not take into account the likelihood of a particular defendant to reoffend, but rather classifies offenders based solely on the offense committed. However, we do not agree the new legislation is irrational. S.B. 10 serves the non-punitive purpose of protecting the public from released sex offenders. The new legislation is rationally related to this purpose because it alerts the public to the potential presence of sex offenders. (Internal citation omitted.) Further, the fact that the legislature chose to categorize offenders based on the crime committed does not make S.B. 10 irrational." State v. Swank, 11th Dist. No. 2008-L-019, 2008-Ohio-6059, at ¶ 86.
 {¶ 20} We agree with the court's decision in Swank and find that the new provisions of R.C. 2950 are rationally related to the legitimate state interest of protecting the public from repeat offenses of sexual offenders. *Page 10 
See, also, Montgomery v. Leffler, 6th Dist. No. H-08-011,2008-Ohio-6397, at ¶ 35 ("Such classifications are, in our view, rationally related to the legitimate government purpose articulated in the act."); State v. Desbiens, 2nd Dist. No. 22489, 2008-Ohio-3375, at ¶ 26; State v. King, 2nd Dist. No. 08-CA-02, 2008-Ohio-2594, at ¶ 22-23.
 {¶ 21} We find that none of Appellant's constitutional challenges to R.C. 2950, as amended by Senate Bill 10, are warranted. Accordingly, his second and third assignments of error are overruled. We now return to Appellant's first assignment of error.
 V. First Assignment of Error {¶ 22} In Appellant's first assignment of error, he contends the trial court erred by "not applying the civil manifest weight of the evidence standard of review to the appellant who would not have been subject to the community notification provisions under former R.C. Chapter 2950."
 {¶ 23} In addition to the petition contesting his reclassification, Appellant filed a motion for relief from community notification under R.C. 2950.11(F)(2). Under 2950.11(F)(1)(a), a Tier III sex offender is automatically subject to community notification. However, (F)(2) of that section reads as follows: *Page 11 
 {¶ 24} "The notification provisions of this section do not apply to a person described in division (F)(1)(a), (b), or (c) of this section if a court finds at a hearing after considering the factors described in this division that the person would not be subject to the notification provisions of this section that were in the version of this section that existed immediately prior to the effective date of this amendment. In making the determination of whether a person would have been subject to the notification provisions under prior law as described in this division, the court shall consider the following factors: (a) The offender's or delinquent child's age; (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made; (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims; (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent *Page 12 
child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender or delinquent child; (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty; (j) Whether the offender or delinquent child would have been a habitual sex offender or a habitual child victim offender under the definitions of those terms set forth in section 2950.01 of the Revised Code as that section existed prior to the effective date of this amendment; (k) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 25} In the case sub judice, the final paragraph of the trial court's journal entry states as follows: "The Court specifically finds that none of the factors set forth in Section 2950.11(E)(2) ORC apply excepting the *Page 13 
defendant from the community notification requirements of Section 2950.11 ."[2] Appellant argues that this is error because the trial court did not show by clear and convincing evidence that community notification should apply. Further, he argues that because he was originally designated as a sexually oriented offender prior to his Tier III reclassification, he should not now be subject to community notification. However, because Appellant is mistaken as to who has the burden of proof, we find his argument is without merit.
 {¶ 26} Appellant requested a hearing under R.C. 2950.031 and R.C. 2950.32 to contest his reclassification and the new requirements it imposed. But, at that hearing, he failed to produce any evidence whatsoever. In it's journal entry, the trial court states that "* * * petitioner and counsel were given the opportunity to argue in support of and in opposition to the petition. No evidence was presented." The court goes on to state that "* * * the petitioner has failed to prove by clear and convincing evidence that the new registration requirements set forth in the notice which petitioner received from the Ohio Attorney General incorrectly apply to the petitioner or that the new registration requirements do not apply at all to the petitioner." We agree with the conclusion of the trial court. *Page 14 
 {¶ 27} R.C. 2950.031 specifically states that, at the hearing, theoffender must prove by clear and convincing evidence that the new classification scheme and registration requirements do not apply. In the case sub judice, Appellant presented no evidence at all.[3]
Accordingly, the trial court properly found that Appellant failed to prove that the requirements imposed by his reclassification, including community notification, should not apply in his case. Appellant's first assignment of error is overruled.
 VI. Conclusion {¶ 28} After reviewing the record below, we find that none of Appellant's assignments are persuasive. Ohio Courts have repeatedly and decisively found that the notification and registration requirements imposed by Chapter 2950, as amended by Senate Bill 10, are remedial in nature, not punitive. As such, Appellant's second and third assignments of error, challenging the constitutionality of the statute, are without merit. Further, because Appellant failed to present any evidence at his reclassification hearing, he is unable to contend that the trial court improperly ruled on the issue of community notification. Accordingly, we overrule each of Appellant's assignments of error and affirm the decision of the trial court.
JUDGMENT AFFIRMED.
[1] For the Revised Code sections under consideration, the effective date of Senate Bill 10 was January 1, 2008.
[2] The trial court mistakenly refers to R.C. 2950.11(F)(2) as R.C. 2950.11(E)(2).
[3] Though Appellant attached documentary evidence to his appellate brief relating to this assignment of error, this evidence was not before the trial court. As such, is not part of the record and we are unable to consider it. *Page 15