OPINION
{¶ 1} Defendant-appellant Tarri Wallace appeals from an order of the Montgomery County Court of Common Pleas requiring him to undergo testing for sexually transmitted diseases, pursuant to R.C. 2907.27. He contends that the statute is unconstitutional because the testing constitutes an invasion of privacy and a violation of due process.
 {¶ 2} We conclude that R.C. 2907.27(A), which permits the warrantless testing of persons charged with violations of R.C. 2907.24 and R.C.2907.241, with required treatment for persons who test positive, does not violate the protections against unreasonable searches as set forth in theFourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, because it is reasonably related to a special governmental need to protect the public from the spread of sexually transmitted disease. Accordingly, the order of the trial court requiring Wallace to submit to testing for sexually transmitted disease is Affirmed.
 I {¶ 3} Wallace was indicted on one count of Solicitation after a positive Human Immunodeficiency Virus (HIV) test, in violation of R.C.2907.42(B), and one count of Loitering to Engage in Solicitation after a positive HIV test, in violation of R.C. 2907.241(B). Wallace entered a plea of not guilty. The trial court entered an order requiring Wallace to undergo testing for sexually transmitted diseases (STD). Wallace filed a motion to vacate the order on the grounds that it constituted a "clear taking of freedom, an invasion of privacy, and taking of property, without a hearing or an opportunity to be heard." The trial court overruled the motion. Wallace appeals.
 II {¶ 4} Wallace's sole Assignment of Error is as follows:
 {¶ 5} "The trial court erred in overruling defendant's motion to vacate the order for STD testing of defendant."
 {¶ 6} Wallace contends that the trial court erred by requiring him to undergo STD testing pursuant to R.C. 2907.27. He argues that this statute is unconstitutional because it violates his right to privacy and his right to due process. Wallace's argument also implicates the issue of whether the statute violates the prohibition against unreasonable searches and seizures.
 {¶ 7} R.C. 2907.27 states, in pertinent part, as follows:
 {¶ 8} "(A)(1) If a person is charged with a violation of section2907.02, 2907.03, 2907.04, 2907.24, 2907.241, or 2907.25 of the Revised Code * * *, the * * * court, upon the request of the prosecutor in the case or upon the request of the victim, shall cause the accused to submit to one or more appropriate tests to determine if the accused is suffering from a venereal disease."
 {¶ 9} The collection and analysis of blood or urine constitutes a search and seizure under the Fourth Amendment. State ex rel. Ohio AFL-CIOv. Ohio Bureau of Workers' Compensation, 97 Ohio St. 3d 504,2002-Ohio-6717, ¶ 23, citation omitted. Therefore, the issue before us is whether this search and seizure is reasonable. The reasonableness of a search is determined by balancing the intrusion upon the individual's interests against the interests of the government. State v. Steele,155 Ohio App. 3d 659, 2003-Ohio-7103, ¶ 23. Normally, a reasonable search and seizure requires a warrant issued by a judge upon a finding of probable cause. Id.
 {¶ 10} However, the "special needs" doctrine states that a warrantless search and seizure can be considered constitutional when special needs beyond the normal need for law enforcement make a warrant based upon probable cause impractical. State ex rel. Ohio AFL-CIO v. Ohio Bureau ofWorkers' Compensation, supra, at ¶ 24, citations omitted. "Thus, as long as the government interest behind the [STD] testing is not merely to fight crime, i.e., when the results of testing are not used to procure criminal convictions, governmental special needs can be enough to obviate the general requirement of probable cause or individualized suspicion of wrongdoing:
 {¶ 11} "`In limited circumstances, where the privacy interests implicated by the search are minimal, and where an important governmental interest furthered by the intrusion would be placed in jeopardy by a requirement of individualized suspicion, a search may be reasonable despite the absence of such suspicion.
 {¶ 12} "The `special needs' analysis includes a consideration of the practicalities of achieving the government's objectives through the ordinary means of securing a warrant based on probable cause. If securing a warrant is impracticable, then the government's special needs are weighed against the individual's privacy interest[.]" Id. ¶¶ 25-27.
 {¶ 13} R.C. 2907.27 permits the warrantless testing of persons. The State has several potential interests in compelling testing. First, the State has an interest in protecting any victim who may have been exposed to an STD. Second, the State has an interest in halting the spread of STD's among the general population. Third, the State has an interest in protecting the health of its prison population by preventing anyone with an STD from engaging in behavior that could spread the disease in the prison environment. Finally, the State has an interest in providing appropriate medical care to any prison inmate suffering from an STD.
 {¶ 14} In this case, there is no victim who was exposed to any possible STD transmission from Wallace. There is no evidence that any semen or bodily fluid has been passed to anyone. The charges against Wallace do not indicate a need to protect any victim by notifying her of the potential spread of an STD.[1]
 {¶ 15} Additionally, any interest in protecting the prison population or providing adequate medical treatment to an inmate is obviated by the fact that the statute does not require conviction and imprisonment prior to testing. In this case, Wallace has not been convicted, has not been incarcerated, and appears to be out on bond. Furthermore, any interest in the testing of inmates is more a matter for the corrections institutions following conviction than for a pre-trial, pre-conviction order.
 {¶ 16} But we do find a special governmental need in protecting the public from the spread of STD's. The statute permits the State to require a person who has been indicted for one of the enumerated offenses, and who has tested positive for an STD, to undergo treatment. We cannot determine from this record how effective the treatment required by the statute would be in preventing the spread of STD's. The burden is on Wallace to demonstrate the unconstitutionality of the statute, since legislative enactments enjoy a presumption of constitutionality. In view of that presumption, and in view of the absence of any evidence concerning the effectiveness or ineffectiveness of the statutorily prescribed treatments in reducing the transmission of STD's, we conclude that Wallace has failed to demonstrate the unconstitutionality of the statute.
 {¶ 17} Wallace has not made an argument that the statute, by requiring testing, and then treatment, for STD's of persons who have been charged with certain offenses, violates the Equal Protection clause of theFourteenth Amendment to the United States Constitution. Because no suspect classification is involved, if Wallace had made this argument, we would be required to find merely that the distinction between those persons who have been charged with the offenses with which Wallace has been charged, and other persons, has a rational basis. Wallace has been indicted for Solicitation after a positive HIV test and for Loitering to Engage in Solicitation after a positive HIV test, meaning that a grand jury has found probable cause to believe that he has committed those offenses. Solicitation involves a somewhat casual attitude towards sexual conduct that, when combined with knowledge that one has had a positive HIV test, demonstrates at least some indifference to the health of the persons whom one is soliciting. In our view, this distinguishing characteristic of the population targeted by the statute for STD testing and treatment constitutes a rational basis for treating that segment of the population differently from others, thereby satisfying the Equal Protection clause.
 {¶ 18} We conclude that the statute upon which the order of the trial court is based does not offend Wallace's constitutional rights to privacy, to be free of unreasonable searches and seizures, or to the due process of law. Wallace's sole Assignment of Error is overruled.
 III {¶ 19} Wallace's sole Assignment of Error having been overruled, the order of the trial court requiring Wallace to undergo testing for STD's is Affirmed.
Brogan, P.J., and Wolff, J., concur.
[1] A charge of Rape, or other charges involving sexual conduct, would necessitate a different analysis, given that there could be a victim whose right to know whether she had been exposed to an STD might outweigh any Fourth Amendment interests of the defendant.