DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that re sentenced appellant upon remand by this court. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appointed counsel Stephen Long has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In his brief filed on appellant's behalf, appointed counsel sets forth three proposed assignments of error. In support of *Page 2 
his request to withdraw, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues.
 {¶ 3} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or it may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court finds further that appellant was notified by counsel of his right to file an appellate brief on his own behalf; however, no pro se brief was filed. *Page 3 
 {¶ 5} Accordingly, this court shall proceed with an examination of the potential assignments of error proposed by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} The facts relevant to this appeal are as follows. On November 7, 2005, appellant entered pleas of guilty to four counts of rape and one count of felonious assault. The trial court accepted appellant's pleas and made findings of guilt based upon the prosecutor's statement of the evidence. On January 3, 2006, the trial court sentenced appellant to maximum, consecutive sentences on each count for an aggregate sentence of 48 years. Appellant appealed his convictions and sentences. On December 8, 2006, this court affirmed the convictions but reversed the sentence pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See State v. Gonzalez, 6th Dist. Nos. L-06-1047, L-06-1048,2006-Ohio-6458. On February 27, 2007, appellant filed a motion in the trial court to withdraw his pleas, alleging that they were not entered knowingly, intelligently and voluntarily. The matter was called for resentencing on May 18, 2007. At that time, the trial court denied appellant's motion to withdraw his pleas. The court then resentenced appellant to an aggregate term of 38 years imprisonment. It is from that judgment that appellant's counsel brings this appeal pursuant toAnders, supra.
 {¶ 7} Counsel sets forth three potential assignments of error:
 {¶ 8} "A. The trial court erred when it denied Mr. Gonzalez's pre-Foster resentencing motion to withdraw his guilty plea. *Page 4 
 {¶ 9} "B. The trial court erred in resentencing Mr. Gonzalez to maximum terms and ordering some of the sentences to be served consecutively.
 {¶ 10} "C. Mr. Gonzalez was denied the effective assistance of prior appellate counsel (sic) failed to advise Mr. Gonzalez of the ability to seek review of the decision of this court from the Ohio Supreme Court or file an application for reopening."
 {¶ 11} Appellant's motion to withdraw his guilty pleas was made after this court affirmed his convictions and remanded for resentencing pursuant to Foster, but prior to the trial court's resentencing hearing. Crim. R. 32.1 reads: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 12} Appellant filed his motion to withdraw his guilty pleas after his conviction was reviewed and affirmed by this court. After affirming appellant's conviction, this court remanded appellant's case to the trial court solely for resentencing. Appellant's motion to withdraw the pleas and set aside the judgment of conviction, made after his conviction was already affirmed, was not timely before the trial court. Appellant's first proposed assignment of error is not well-taken.
 {¶ 13} As his second proposed assignment of error, counsel for appellant suggests that the trial court erred by resentencing appellant to maximum terms with some of the terms to be served consecutively. When appellant was originally sentenced, all five sentences were ordered served consecutively for a total of 48 years. Upon resentencing, *Page 5 
the trial court ordered that two of the ten-year rape sentences be served concurrently, which reduced the aggregate sentence to 38 years. The remainder of the sentences were unchanged as to length and their consecutive nature. Since the Foster decision, trial courts have full discretion to impose a prison sentence within the statutory range and in fact are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences. SeeFoster, supra, ¶ 100. We further note that, although appellant's sentence remains lengthy, it was shortened considerably at resentencing. Appellant's second proposed assignment of error is not well-taken.
 {¶ 14} In support of his third proposed assignment of error, counsel suggests that the instant appeal "may in actuality be seen as a delayed Application for Reopening" and "asks that it be viewed as such." Counsel suggests that the delay might be attributed to the failure of prior appellate counsel "to inform [appellant] of his recourse" if this court were to affirm his conviction and sentence, which it did on direct appeal. Setting aside the irregularity of submitting what appears to this court to be, as best we can describe it, a hybrid Anders
brief/application for delayed reopening, we see that all of the requirements set forth in App. R. 26(B) have not been met. Specifically, as required by App. R. 26(B)(2)(b) and (d), appellant has not shown good cause for filing an application more than 90 days after journalization of the appellate judgment, and has not submitted a sworn statement of the basis for the claim that appellate counsel's representation was deficient as required by App. R. 26(B)(2)(d). Counsel's third proposed assignment of error is not well-taken. *Page 6 
 {¶ 15} Upon our own independent review of the record, we find no grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 16} The decision of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, J., and Thomas J. Osowik, J., CONCUR. *Page 1