The STATE of Ohio, Appellee,

v.

GONZALEZ, Appellant.

[Cite as *State v. Gonzalez*, 193 Ohio App.3d 385, 2011-Ohio-1542.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

Nos. L–10–1168 and L–10–1169.

Decided March 31, 2011.

386

388

Julia R. Bates, Lucas County Prosecuting Attorney, and David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Kenneth J. Rexford, for appellant.

---

PIETRYKOWSKI, Judge.

{¶ 1} Defendant-appellant, Antonio Gonzalez, is before this court appealing the Lucas County Court of Common Pleas' May 24 and June 1, 2010 judgments resentencing him to a total of 38 years of imprisonment following his guilty pleas, pursuant to *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, to four counts of rape of a minor and felonious assault. For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} This is the third time that an appeal has been perfected in this case. A brief overview of the necessary facts is as follows. Appellant was indicted on June 17, 2005, on four counts of rape stemming from an incident with his five-year-old niece. Following confirmation that appellant was HIV positive, a

separate indictment was filed charging appellant with one count of felonious assault. Appellant entered not-guilty pleas in both cases.

{¶ 3} On November 9, 2005, appellant entered an *Alford* plea to the lesser included rape charges, which did not carry a mandatory life sentence. Appellant also entered an *Alford* plea to the felonious-assault charge. On January 17, 2006, appellant was sentenced to maximum, consecutive sentences for a total of 48 years of imprisonment.

{¶ 4} On appeal, this court affirmed appellant's convictions but, pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, remanded the matter for resentencing. See *State v. Gonzalez*, 6th Dist. No. L–06–1048, 2006-Ohio-6458, 2006 WL 3525390 (*"Gonzalez I"*).

{¶ 5} Relying on *State v. Foster*, appellant filed motions to withdraw his plea in both cases. Appellant contended that because his sentence had been vacated, his motion should be treated as a presentence motion and the more liberal standard applied.

{¶ 6} At appellant's May 25, 2007 resentencing, the trial court first denied appellant's motions to withdraw his plea. The court then ordered that two of the imprisonment terms for the rape convictions be served concurrently, thus reducing the total sentence from 48 to 38 years. Appellant again appealed.

{¶ 7} On appeal, appellant's counsel requested that he be permitted to withdraw pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Upon review, we agreed that there were no meritorious issues for review and affirmed appellant's sentence. See *State v. Gonzalez*, 6th Dist. No. L–07–1202, 2008-Ohio-6175, 2008 WL 5050386 (*"Gonzalez II"*).

{¶ 8} On December 9, 2008, appellant, pro se, filed a motion to vacate or set aside his conviction and sentence on the rape counts, arguing that the indictment failed to specify the mens rea for the offenses. Appellant argued that the Supreme Court of Ohio's decision in *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, required that the indictment specify the reckless mental state.

{¶ 9} On August 31, 2009, appellant, represented by counsel, filed a motion to correct his "void" sentences in the rape and felonious-assault cases. Appellant based his arguments on the Supreme Court of Ohio cases of *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. As to *Baker*, appellant argued that the final judgment entry was void because it failed to include that the matter was resolved by way of a plea. As to *Bezak*, appellant contended that his sentence was void because the trial court failed to properly notify him of his postrelease-control obligations. The state opposed the motion.

{¶ 10} On May 24 and June 1, 2010, the trial court entered nunc pro tunc judgment entries that addressed the *Baker* issue, denied appellant's 2007 motions to withdraw his guilty pleas, and reiterated that appellant was notified of his postrelease-control obligations. This appeal followed.

{¶ 11} Appellant raises 14 assignments of error for the court to consider:

{¶ 12} "I. The sentences for each of the four counts of Rape in Case No. CR–2005–2306 are void for failure to properly impose post release control, as a result of which they should be deemed void and the matter remanded for a de novo re-sentencing.

{¶ 13} "II. The sentence for the Felonious Assault in Case No. CR–2005–2477 is void for failure to properly impose post release control, as a result of which it should be deemed void and the matter remanded for de novo re-sentencing.

{¶ 14} "III. The Trial Court improperly denied the motion of the defense to withdraw all pleas in Case No. CR–2005–2306 by ruling on these with no standard or an improper standard rather than the pre-sentencing standard, such that remand for reconsideration of these motions is required.

{¶ 15} "IV. The trial court improperly denied the motion of the defense to withdraw plea is Case No. CR–2005–2477 by ruling on these with no standard or an improper standard rather than the pre-sentencing standard, such that remand for reconsideration of these motions is required.

{¶ 16} "V. The pleas as to the four Rape counts in Case No. CR–2005–2306 were not knowing, intelligent, and voluntary.

{¶ 17} "VI. The plea as to the Felonious Assault count in Case No. CR–2005–2477 was not knowing, intelligent, and voluntary.

{¶ 18} "VII. The Indictment in Case No. CR–2005–2306 was too vague, so as to deny to Mr. Gonzalez due process of law, including the right to presentment and the right to protection from twice being in jeopardy for the same offense.

{¶ 19} "VIII. The four counts of Rape in Case No. CR–2005–2306 should have been merged as one single conviction, and the one count of Felonious Assault in Case No. CR–2005–2477 should have been merged into the same.

{¶ 20} "IX. Mr. Gonzalez was denied the effective assistance of counsel.

{¶ 21} "X. The *Alford* pleas as to all four counts of Rape in Case No. CR–2005–2306 were improperly accepted for lack of review of the weight of the evidence and for lack of a real reduction of degree of the charge.

{¶ 22} "XI. The *Alford* plea to one count of Felonious Assault in Case No. CR–2005–[2477] was improperly accepted for lack of review of the weight of the evidence and for lack of reduction of degree of the charge.

{¶ 23} "XII. Mr. Gonzalez's sentences are unconstitutional because they violate his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

{¶ 24} "XIII. The indictment in Case No. CR–2005–2306 violated the *Colon* doctrine.

{¶ 25} "XIV. R.C. 2903.11(B)(3) is unconstitutional for violation of the federal right to Equal Protection."

{¶ 26} Appellant's first and second assignments of error contend that the trial court's failure to properly notify him of his postrelease-control obligations in either the January 13, 2006 or May 25, 2007 judgment entries renders his sentences void. Appellant makes this argument in reliance on *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Appellant argues that the matter should be remanded for a de novo sentencing hearing.

{¶ 27} Conversely, although the state agrees that the judgment entries mention only that appellant was advised of his postrelease-control obligations, it argues that the sentencing judgment entry sufficiently confirms that appellant was notified of his postrelease-control obligations.

{¶ 28} A trial court is required to order postrelease control as part of the sentence for all offenders convicted of first- and second-degree felonies, or violent third-degree felonies. R.C. 2929.19(B)(3). At the May 18, 2007 sentencing hearing, the trial court notified appellant that he would be subject to five years of mandatory postrelease control. The sentencing judgment entry provides: "Defendant is given notice of his appellate rights under R.C. 2953.08 and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28."

{¶ 29} R.C. 2929.19(B)(3) requires that the trial court notify the offender that he will be supervised under R.C. 2967.28 after the completion of his prison term. The Supreme Court of Ohio has interpreted these provisions as requiring a trial court to give notice of postrelease control both at the sentencing hearing and by incorporating it into the sentencing judgment entry. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus.

{¶ 30} In *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, the Supreme Court of Ohio considered the language necessary to provide notice of postrelease control in sentencing entries. The court held that sentencing entries were sufficient if they "afford notice to a reasonable person that the courts were authorizing postrelease control as part of each * * * sentence." Id. at ¶ 51.

{¶ 31} Following *Watkins*, in *State v. Milazo*, 6th Dist. No. L–07–1264, 2008-Ohio-5137, 2008 WL 4444314, this court determined that a sentencing entry

identical to the one in the present case "met the statutory requirements to incorporate notice of postrelease control into the sentencing judgment entry." Id. at ¶ 27.

{¶ 32} Based on the foregoing, we find that appellant was properly notified of and sentenced to postrelease control. Appellant's first and second assignments of error are not well taken.

{¶ 33} In appellant's third and fourth assignments of error, he contends that his motions to withdraw his pleas in the rape and felonious-assault cases should have been treated as presentence motions to withdraw the pleas because the failure to properly impose postrelease control rendered the judgment entries void. We find that these assignments of error lack merit.

{¶ 34} As set forth above, appellant was properly sentenced to postrelease control. Even assuming that the court failed to properly impose postrelease control, only that portion of the sentence would be deemed void. *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. Thus, appellant's motions to withdraw his guilty pleas were properly considered as postsentence motions. See *State v. Baker,* 6th Dist. No. L–10–1121, 2011-Ohio-801, 2011 WL 662936, ¶ 16. Appellant's third and fourth assignments of error are not well taken.

{¶ 35} Appellant's fifth and sixth assignments of error assert that his *Alford* pleas to the multiple counts of rape and one count of felonious assault were not knowing, intelligent, and voluntary. Appellant asserts that he was erroneously advised that the maximum prison sentence was 28 years and that he was incorrectly advised of the term of postrelease control.

{¶ 36} The state contends that appellant's counsel's error as to the length of the sentence was corrected by the trial court and that although the trial judge erroneously stated that appellant would be subjected to a four- rather than a five-year postrelease control term, the plea form and judgment entry had the correct information.

{¶ 37} Making a res judicata argument, the state also urges the court to reexamine its decision in *State v. Mitchell,* 187 Ohio App.3d 315, 2010-Ohio-1766, 931 N.E.2d 1157. In *Mitchell,* this court, relying on our prior decision in *State v. Lampkin,* 6th Dist. No. L–09–1270, 2010-Ohio-1971, 2010 WL 1781496, found that because the non-*Baker*-compliant judgment entry was void, the appellant was not barred by res judicata from rearguing the merits of his conviction.

{¶ 38} As discussed previously, the Supreme Court of Ohio's subsequent decision in *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, held that only that portion of a judgment entry considered "void" was not subject to the doctrine of res judicata. The court held that res judicata still applies to all

other aspects of the merits of the conviction, including the determination of guilt. Id. at paragraph three of the syllabus.

{¶ 39} The impact of *Fischer* on appeals following *Baker* corrections is still unsettled. As noted in *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, the court has yet to determine "what effect an appellate decision has when the appellate court's jurisdiction was premised upon a sentencing entry that violated Crim.R. 32(C) and was thus nonappealable." Id. at ¶ 24 (Lanzinger, J., concurring.) It is hoped that this question will be settled with the court's decision in *State v. Lester*, Supreme Court case No. 2010–1372, which certified a conflict with our decision in *Lampkin*, 2010-Ohio-1971, 2010 WL 1781496. Accordingly, we will address the merits of appellant's assignments of error.

{¶ 40} Upon review, the trial court's acceptance of a guilty or no-contest plea will be considered knowing, intelligent, and voluntary so long as, before accepting the plea, the trial court substantially complies with the procedure set forth in Crim.R. 11(C). *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.

{¶ 41} Appellant first asserts that his plea was not knowing and voluntary because his attorney improperly advised him that his maximum sentence was 28 years. At appellant's November 7, 2005 plea hearing, appellant's counsel did indicate to the court that he had informed his client of the maximum 28–year penalty. However, the court clearly indicated that the rape charges carried a maximum prison term of 40 years and the felonious-assault charge carried a maximum penalty of eight years. The court reiterated that the combined total maximum penalty that appellant was facing was 48 years. Appellant indicated that he understood. Further, the plea form that appellant signed clearly provided the possible maximum sentence.

{¶ 42} Regarding postrelease-control notification, the trial court did improperly indicate a mandatory four-year rather than a five-year period. Similarly, in *State v. McKenna*, 11th Dist. No.2009–T–0034, 2009-Ohio-6154, 2009 WL 4021197, the trial court incorrectly stated that the defendant would be subject to a three-year rather than a four-year postrelease-control period. Id. at ¶ 75. The court concluded that because the court "imperfectly explained" a nonconstitutional right, the appellant must show some "prejudicial effect." Id. at ¶ 76, quoting *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 26, 32.

{¶ 43} In the present case, appellant has failed to demonstrate a prejudicial effect of the misstatements; thus, his plea is not rendered invalid. Appellant's fifth and sixth assignments of error are not well taken.

{¶ 44} In his seventh assignment of error, appellant contends that his indictment for rape was constitutionally ineffective because it failed to properly notify him of the charges. Appellant argues that the state's failure to allege "specific acts" fails to guarantee "freedom from prosecution unless the charge was brought by the grand jury."

{¶ 45} The June 17, 2005 indictment contained four identical rape counts, which stated:

{¶ 46} "[Appellant], on or about the 12th day of June 2005, in Lucas County, Ohio, did engage in sexual conduct with another who was not the spouse of the offender, when the other person was less than thirteen (10) [sic] years of age, whether or not the offender knew the age of the other person, in violation of § 2907.02(A)(1)(b) OF THE OHIO REVISED CODE, RAPE, BEING A FELONY PUNISHABLE PURSUANT TO § 2907.02(B) * * *." (Capitalization sic.)

{¶ 47} The counts track the language of the statute. According to Crim.R. 7(B), this is sufficient. The indictment further provides the necessary facts of venue, date, and identity. Further, pursuant to Crim.R. 7(E), appellant could have requested a bill of particulars. The record indicates that the state provided discovery.

{¶ 48} In addition, this court previously addressed the issue of the discrepancy between the word "thirteen" and the numeral "10" in the indictment. *Gonzalez I.* Therein, we noted that the typographical error did not preclude appellant from entering a knowing and voluntary plea. Id. at ¶ 16.

{¶ 49} Based on the foregoing, we find the indictment constitutionally sufficient. Appellant's seventh assignment of error is not well taken.

{¶ 50} In appellant's eighth assignment of error, he argues that the rape counts constituted one act of sexual conduct and should have been merged into a single conviction. Appellant disagrees with the state's assertion that each type of sexual conduct constituted a separate offense.

{¶ 51} We first note that in exchange for appellant's *Alford* pleas to the rape counts, the rape charges were reduced from rape of a child under the age of ten to rape of a child under 13; this removed the possibility of a life prison sentence. This court, citing *State v. Comen* (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, held that failure to raise the issue before the trial court or object to the convictions waives the error claimed. *State v. Johnson,* 6th Dist. No. OT–05–008, 2005-Ohio-5029, 2005 WL 2335019, ¶ 35.

{¶ 52} Regardless, the record demonstrates that appellant committed each of the four rapes with a separate animus. At the November 7, 2005 plea hearing, the state indicated that on June 12, 2005, in Lucas County, appellant took his five-year-old niece to an unoccupied bedroom, barricaded the door, and proceeded to perform oral sex on her, put his penis in her mouth, place a toy in her vagina, and place a toy in her rectum. Cf. *State v. Williams*, 8th Dist. No. 94616, 2011-Ohio-925, 2011 WL 743085, analyzing *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. We also conclude that the rape and felonious-assault counts are not allied offenses. R.C. 2903.11(C) specifically provides that the prosecution of a person under the felonious-assault statute does not "preclude prosecution of that person under section 2907.02 of the Revised Code." Appellant's eighth assignment of error is not well taken.

{¶ 53} Appellant's ninth assignment of error asserts that he was denied the effective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must prove two elements: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. When considering a claim of ineffective assistance of counsel, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

{¶ 54} In the context of convictions based upon guilty or no-contest pleas, the prejudice element requires a showing "that there is a reasonable probability that, but for counsel's errors," the defendant would not have pleaded guilty or no contest. See *State v. Xie* (1992), 62 Ohio St.3d 521, 524, 584 N.E.2d 715; *State v. Bryant*, 6th Dist Nos. L–08–1138 and L–08–1139, 2009-Ohio-3917, 2009 WL 2415298, ¶ 7.

{¶ 55} Appellant makes several arguments as to why his counsel was ineffective. The first group of arguments involves his *Alford* plea. We have rejected appellant's assignments of error relative to these arguments and, on review, further find that appellant's counsel was not ineffective.

{¶ 56} Appellant next argues that trial counsel was ineffective by failing to seek suppression of appellant's blood draw conducted pursuant to R.C. 2907.27. Appellant argues that the court could have reasonably concluded that the section is unconstitutional. As cited by appellant, in *State v. Wallace*, 2d Dist. No. 20030, 2005-Ohio-1913, 2005 WL 940029, the Second Appellate District held that the statute did not violate the rights of privacy, due process, to be free from

unreasonable search and seizure, and equal protection. As noted by the court, the state has a countervailing interest in protecting the victim and preventing the spread of sexually transmitted diseases. Id. at ¶ 13. We, too, have found no other Ohio cases interpreting the constitutionality of the section.

{¶ 57} In addition, as noted by the state, the evidence obtained from the blood draw was not admitted into evidence and appellant entered a plea to the felonious-assault charge. We conclude that appellant has failed to demonstrate that he would not have entered the plea absent trial counsel's alleged errors. Appellant's ninth assignment of error is not well taken.

{¶ 58} In his tenth and 11th assignments of error, appellant argues that his *Alford* pleas were improperly accepted based upon the lack of review of the weight of the evidence and no real reduction in the degree of the charge.

{¶ 59} A plea made pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, is a type of guilty plea in which a defendant pleads guilty while maintaining innocence. *State v. Ware,* 6th Dist. No. L–08–1050, 2008-Ohio-6944, 2008 WL 5412393, ¶ 11; *State v. Hopkins,* 6th Dist. No. L–05–1012, 2006-Ohio-967, 2006 WL 513956, ¶ 14. There is no "express admission of guilt" in an *Alford* plea. *Alford* at 37.

{¶ 60} Validity of such a plea is judged by the standard of "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant." *Alford* at 31; see *State v. Lacumsky,* 6th Dist. No. OT–08–060, 2009-Ohio-3214, 2009 WL 1875231, ¶ 7. In *State v. Piacella* (1971), 27 Ohio St.2d 92, 96, 56 O.O.2d 52, 271 N.E.2d 852, the Ohio Supreme Court considered an *Alford* plea and held that "where the record affirmatively discloses that: (1) a guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) his advice was competent in light of the circumstances surrounding the plea; (4) the plea was made with the understanding of the nature of the charges; and, (5) the plea was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made."

{¶ 61} The first component of appellant's assignments of error is the claim that there was no consideration, or reduction in the charge, for his plea. As set forth above, this issue was addressed in *Gonzalez I* wherein we determined that the discrepancy in the indictment between the word "thirteen" and the numeral "10" was merely a typographical error. Thus, a charge of the rape of a minor under the age of ten, R.C. 2907.02(A)(1)(b), did, in fact, carry a possible life-imprisonment sentence. Appellant entered pleas to a specification that the victim was under the age of 13. Thus, there was consideration for the *Alford* pleas.

{¶ 62} Appellant next argues that there was insufficient evidence presented by the state regarding the strength of its case prior to the court accepting the *Alford* plea. Other than the claim of innocence, there is no significant difference between the guilty plea and the *Alford* plea when there is strong evidence of guilt in the record. *Alford,* 400 U.S. at 37–38, 91 S.Ct. 160, 27 L.Ed.2d 162; *United States v. Morrow* (C.A.4, 1990), 914 F.2d 608, 611.

{¶ 63} At the November 7, 2005 plea hearing, the state described testimony of the events from the five-year-old victim, the victim's aunt, and the neighbor. Also, medical-exam results showed injuries that were consistent with the victim's version of the events. The state then indicated that appellant was aware of his HIV-positive status on the date of the offense and that the victim was not his spouse. The plea was then accepted by the trial court.

{¶ 64} Based on the foregoing, we find that appellant's *Alford* pleas were properly accepted by the court. Appellant's tenth and 11th assignments of error are not well taken.

{¶ 65} Appellant's 12th assignment of error asserts that his sentences are unconstitutional because they violate his Sixth and Fourteenth Amendment rights. Specifically, appellant claims that because his case was pending when the Supreme Court of Ohio decided *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, even though we previously reversed and remanded based upon *Foster,* because the decision was a "nullity," the case should again be remanded for resentencing.

{¶ 66} After *Foster,* in *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, the Supreme Court of Ohio held that in cases in which sentencing occurs after the United States Supreme Court decision in *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and the defendant fails to object, any alleged error is not structural and is deemed forfeited. *Payne* at 506. Further, appellant has failed to establish that but for the *Blakely* error, he would have received a more lenient sentence. Id. at 507. Appellant's 12th assignment of error is not well taken.

{¶ 67} In appellant's 13th assignment of error, citing *State v. Colon,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, he asserts that the indictments for rape were defective by failing to set forth the mental state of recklessness as to the sexual-conduct element. Appellant concedes that the Supreme Court of Ohio's decision in *State v. Horner,* 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, controls in this case. *Horner* provides that "[a]n indictment that charges an offense by tracking the language of the criminal statute is not defective for failure to identify a culpable mental state when the statute itself fails to specify a mental state." Id. at paragraph one of the syllabus.

{¶ 68} The rape charges at issue tracked the language of the statute. Accordingly, appellant's 13th assignment of error is not well taken.

{¶ 69} In appellant's 14th and final assignment of error, he contends that R.C. 2903.11(B)(3) is unconstitutional because it violates his constitutional right to equal protection under the law. R.C. 2903.11(B)(3) prohibits an individual, knowing he or she carries HIV, from engaging in sexual conduct with an individual under 18 who is not his or her spouse.

{¶ 70} Appellant argues for the first time on appeal that the statute impermissibly criminalizes an otherwise legal act by making an individual's HIV status an element of the offense. Generally, in order to preserve a challenge to the constitutionality of a statute or its application, the issue must first be raised in the trial court. *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus. However, the "[t]he waiver doctrine in *State v. Awan* * * * is discretionary." In clear cases of waiver, we "reserve[ ] the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286, syllabus.

{¶ 71} Upon review, we decline to review the merits of appellant's alleged error. The case has been pending since 2005 and has been before this court on three occasions. Appellant had years to raise this issue in the court below. Even a cursory review of appellant's arguments demonstrates that they lack merit. First, the state correctly notes that a statute is presumed to be constitutional. "All statutes enjoy a strong presumption of constitutionality. * * * To overcome the presumption, one must prove beyond a reasonable doubt that the statute is unconstitutional." *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶ 20.

{¶ 72} In *State v. Gonzalez*, 154 Ohio App.3d 9, 2003-Ohio-4421, 796 N.E.2d 12, the First Appellate District examined the constitutionality of R.C. 2911.03(B)(3) as to claims that it violated the void-for-vagueness doctrine, the prohibition against cruel and unusual punishment, and the right to due process. The court concluded that the statute did not violate due process by failing to provide the affirmative defense of disclosure when the state must prove nondisclosure. Id. at ¶ 45–47. As to the void-for-vagueness and cruel-and-unusual-punishment arguments, the court concluded that the requirement of "disclosure" of the defendant's HIV status was not unconstitutionally vague and, thus, the argument that an individual can be punished for lack of knowledge that his or her actions are criminal also failed. Id. at ¶ 43.

{¶ 73} Regarding the concept of equal protection, class legislation is permitted so long as there is a reasonable basis for the distinction. *Conley v.*

*Shearer* (1992), 64 Ohio St.3d 284, 288–289, 595 N.E.2d 862. Here, appellant has failed to persuade us that the statute is unconstitutional "beyond a reasonable doubt." Appellant states that no other "sexual disease" is contemplated. HIV or AIDS is the only sexually transmitted disease that is considered deadly. Thus, a reasonable basis exists for the class of HIV-positive individuals. Appellant's fourteenth assignment of error is not well taken.

{¶ 74} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding, and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

Osowik, P.J., and Singer, J., concur.