[Cite as *State v. Easterly*, 2013-Ohio-2961.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.   12 MA 208 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| TAWHON EASTERLY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                                             Court, Case No. 98CR996.

JUDGMENT:                                        Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                        Attorney Paul Gains
                                                             Prosecuting Attorney
                                                             Attorney Ralph Rivera
                                                             Assistant Prosecuting Attorney
                                                             21 West Boardman Street, 6th Floor
                                                             Youngstown, Ohio  44503


For Defendant-Appellant:                   Tawhon Easterly, *Pro se*
                                                             #40047-060
                                                             F.C.I. Beckley
                                                             P.O. Box 350
                                                             Beaver, West Virginia  25813


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                                             Dated:  June 19, 2013

VUKOVICH, J.

{¶1} Defendant-appellant Tawhon Easterly appeals the decision of the Mahoning County Common Pleas Court on his motion wherein he alleged a void sentence and sought plea withdrawal. In ruling on the motion, the trial court discharged appellant from post-release control because the sentencing court failed to properly impose it and because appellant had finished serving his sentence. Appellant argues that the trial court should have vacated his plea as well, urging that his motion was a presentence plea withdrawal motion.

{¶2} However, the improper imposition of post-release control only voids the portion of the sentence dealing with post-release control. Because of this and because he cannot be resentenced due to his release, appellant's motion is considered a post-sentence plea withdrawal motion. In any event, no matter how the motion is categorized, the mere fact that the post-release control portion of the sentence is void does not void the entire sentence requiring a court to grant a withdrawal of a plea. For the following reasons, appellant's arguments are without merit, and the judgment of the trial court is affirmed.

<u>STATEMENT OF THE CASE</u>

{¶3} In 1998, appellant was arrested for shooting at four people from a car. This resulted in his indictment for murder in the death of Clinton Longmire. *See* R.C. 2903.02(A),(D) (felony-life). He was also indicted on three counts of attempted murder against the three other victims. *See* R.C. 2923.02(A),(E); R.C. 2903.02(A), (D) (first degree felonies). Each count contained a firearm specification for committing the offense by discharging a firearm from a motor vehicle. *See* R.C. 2941.146(A).

{¶4} In March 2002, appellant negotiated a plea agreement wherein all four charges were amended to lesser offenses. Appellant pled guilty to involuntary manslaughter (a first degree felony), three counts of felonious assault (second degree felonies), and the firearm specifications. The court accepted the plea and sentenced him as jointly recommended to six years on each to run concurrently plus three years for the firearm specifications for a total of nine years.

**{¶5}** Regarding post-release control, the written plea that appellant signed explained that five years of post-release control was mandatory for a first degree felony and three years of post-release control was mandatory for a second degree felony that involved causing or threatening physical harm. It also stated that if he violated the conditions, he could be returned to prison for up to nine months for each violation for a total of 50% of his original term and, if that violation is a felony, he could receive a new prison term of the greater of one year or the time remaining on post-release control. Before accepting the plea, the court reiterated these items at the hearing. (Tr. 7).

**{¶6}** In thereafter proceeding immediately to sentencing, the court did not restate this post-release control information. The only reference to post-release control in the court's oral imposition of sentence was to state, "the Defendant has been given his notice under R.C. 2929.19(B)(3) * * *." (Tr. 16-17). Likewise, the court's March 29, 2002 sentencing entry made no mention of post-release control except to say, "Defendant has been given notice under R.C. 2929.19(B)(3) * * *." No appeal was taken.

**{¶7}** In 2006, appellant was granted judicial release with five years of community control. He thereafter violated his community control. In a February 26, 2008 revocation entry, the court reimposed the original sentence of nine years followed by "up to five (5) years to be monitored by the Adult Parole Authority." The entry also stated, "Defendant has been given notice under R.C. 2929.19(B)(3) * * *."

**{¶8}** On December 6, 2011, after appellant finished serving his nine years, his attorney filed a motion to vacate his guilty plea. The motion stated that the sentence was void due to the lack of proper imposition of post-release control and, since appellant had served his sentence, he could not be subject to resentencing to correct the flawed imposition. From this, it was urged that the motion should be considered a presentence plea withdrawal motion. It was then noted that a presentence motion to withdraw a guilty plea should be freely and liberally granted. No other reasons for plea withdrawal were provided.

**{¶9}** The defense asked for an oral hearing, which may have proceeded as scheduled on April 12, 2012. On October 23, 2012, the trial court filed an entry finding that the post-release control portion of appellant's sentence was void. As he had been released from prison after serving his entire prison term, the court discharged him from any post-release control obligation. The court concluded that his plea and conviction would remain in effect, thus denying his motion to vacate his guilty plea. Appellant filed a timely notice of appeal pro se.

## ARGUMENTS

**{¶10}** Appellant argues that, since the sentencing court did not properly impose post-release control, his sentence is void. He thus concludes that his plea withdrawal motion should be considered a presentence motion under the Supreme Court's *Boswell* case. He notes that a presentence motion should be freely and liberally granted. He then posits that the post-release control omissions at sentencing render his *conviction* void ab initio.

**{¶11}** Appellant also makes a confusing argument that the court should "revisit" his sentence and that it is discriminatory to fail to apply the new statutory "fix" to his case. He asks us to remand for resentencing while simultaneously stating that his conviction is void and should be erased from his record.

**{¶12}** The state responds by explaining that the 2006 post-release control "fix" in R.C. 2929.191 that appellant complains about is not relevant no matter what the date of conviction because that statutory correction deals with those who have not yet served their sentences. The state then points out that improper imposition of post-release control only results in a partially void sentence. The state urges that the plea withdrawal motion should be considered a post-sentence motion, which can only be granted in cases of manifest injustice.

## ANALYSIS

**{¶13}** Appellant's convoluted argument regarding the alleged disparate treatment of those sentenced before the enactment of R.C. 2929.191 is irrelevant. The legislature has provided a procedure for correcting faulty post-release control notifications that is applicable to cases where the sentencing occurred after July 11,

2006. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 23, 27, 32, 35 (holding that R.C. 2929.191 cannot be applied retroactively as intended but that it would be applied prospectively to sentences entered on or after July 11, 2006). Thus, for sentences entered prior to July 11, 2006, the Supreme Court's procedure developed through case law applies, but for sentences entered on or after July 11, 2006, such as the sentence here, the statutory procedure applies. *State v. Pullen*, 7th Dist. No. 11MA10, 2012-Ohio-1498, ¶12, citing *Singleton*, 124 Ohio St.3d 173.

{¶14} However, the result is the same for those who have already been released from prison without receiving proper notice. *Pullen*, 7th Dist. No. 11MA10 at ¶29-30. In both cases, the defendant is discharged from post-release control. *See id.* In no case is the defendant's conviction voided merely because the post-release control portion of his sentence has been vacated. "[R]egardless of whether the common law or R.C. 2929.191 applies, the mere lack of proper notice of postrelease control never renders an entire sentence void." *State v. Triplett*, 4th 11CA24, 2012-Ohio-4529, ¶ 8.

{¶15} As the Supreme Court has stated, when a judge fails to impose statutorily mandated post-release control as part of a defendant's sentence, only that part of the sentence is void and must be vacated or corrected. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26-28. "Neither the Constitution nor common sense commands anything more." *Id.* at ¶ 26. Such a partially void sentence does not make a conviction void. *See id.* at ¶ 38 (rejecting argument that without a sentence, there is no conviction and thus no final appealable order), 40 (res judicata would still apply to other aspects of the conviction).

{¶16} The next question is thus whether the plea withdrawal motion should be considered a presentence motion or a post-sentence motion. The Supreme Court has held that a defendant's motion to withdraw a guilty plea following the imposition of a void sentence must be considered as a presentence motion and be freely and liberally granted. *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d

422, ¶ 13 (resentencing required on remand and thus withdrawal motion was presentence).

{¶17} However, this pronouncement was made at a time when the Supreme Court was still considering the entire sentence void upon a failure to properly apply post-release control. The *Boswell* Court's holding was based upon its prior case law finding that the post-release control issue requires the void sentence to be vacated, which places the defendant in the same position as if no sentence had been rendered. *Id.* at ¶8. The Supreme Court decided *Fischer* the next year *wherein it retreated from that line of cases. See Fischer*, 128 Ohio St.3d 92. As aforementioned, only the post-release control portion of the sentence is to be vacated. The defendant is no longer considered to be placed into the position as if no sentence had been rendered.

{¶18} Thus, the continued validity of *Boswell* has been called into question by the *Fischer* holding. *See State v. Alford*, 8th Dist. No. 95946, 2011-Ohio-4811, ¶ 10-11. *See also Triplett*, 4th Dist. No 11CA24 at ¶10-11 (finding *Boswell* distinguishable on another ground but noting, "Since *Fischer*, the Supreme Court has not addressed whether a motion to withdraw a guilty plea filed after the imposition of a partially void sentence should be treated as a pre- or post-sentence motion.").

{¶19} Multiple courts have concluded that, due to *Fischer,* a plea withdrawal motion filed in a case where the post-release control portion of the sentence is void is to be considered a post-sentence motion. *See, e.g., State v. Jackson,* 8th Dist. No. 97809, 2012-Ohio-4280, ¶ 11-12, 16; *State v. Beachum*, 6th Dist. Nos. S-10-041, S-10-042, 2012-Ohio-285, ¶ 21, citing *State v. Gonzalez*, 193 Ohio App.3d 385, 2011-Ohio-1542, 952 N.E.2d 502, ¶ 34 (6th District); *State v. Hazel*, 10th Dist. Nos. 10AP-1013, 10AP-1014, 2011-Ohio-4427, ¶ 12, 15-17; *State v. Bell*, 8th Dist. No. 95719, 2011-Ohio-1965, ¶ 14-22; *State v. Thomas*, 1st Dist. Nos. C-100411, C-100412, 2011-Ohio-1331, ¶ 16; *State v. Christie*, 3d Dist. No. 4-10-04, 2011-Ohio-520, ¶ 25. We likewise consider the motion here to be a post-sentence motion due to the *Fischer* holding, which altered the entire premise on which *Boswell* was based.

**{¶20}** In any event, *Boswell* is factually distinguishable from the situation in the case at bar because *appellant had completed his prison sentence*. Thus, post-release control was never imposed in time for that portion of his sentence to be vacated and the case remanded. As such, no portion of appellant's sentence was pending in order to make the plea withdrawal motion a presentence motion. Other courts have also concluded that *Boswell* is inapplicable where the defendant has already been released. *See State v. Pesci*, 8th Dist. No. 94902, 2011-Ohio1058, ¶ 9; *State v. Cottrell*, 8th Dist. No. 95053, 2010-Ohio-5254, ¶ 14; *State v. Simone*, 9th Dist. No. 24966, 2010-Ohio-1824, ¶ 11-12, citing dicta in *State v. Harrison*, 122 Ohio St.3d 512, 912 N.E.2d 1106, 2009-Ohio-3547, ¶ 37.

**{¶21}** For this additional and alternative reason, appellant's plea withdrawal motion is considered a post-sentence motion. We thus turn to the question of whether the motion should have been granted.

**{¶22}** "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. An appellate court will not disturb a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992); *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

**{¶23}** For a post-sentence plea withdrawal motion, the defendant has the burden of establishing the existence of a manifest injustice. *Smith*, 49 Ohio St.2d at 264. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *State v. McQueen*, 7th Dist. No. 08MA24, 2008-Ohio-6589, ¶ 7. Hence, a postsentence motion to withdraw a guilty plea is only granted in extraordinary cases. *Smith*, 49 Ohio St.2d at 264.

**{¶24}** This is not such an extraordinary case. The mere fact of a void sentence does not justify plea withdrawal,[1] and this is all appellant's motion set forth. The trial court may have conducted a hearing on the motion on April 12, 2012, but no transcript from such hearing was provided to this court to establish that something besides the bare allegation of a void post-release control sentence was presented to the trial court. And, nothing surrounding appellant's plea indicates a manifest injustice occurred.

**{¶25}** We also note that appellant's motion would fail even under the lower standard for presentence motions. A presentence motion to withdraw a guilty plea "should be freely and liberally granted." *Xie*, 62 Ohio St.3d at 527. Still, the defendant does not have an absolute right to withdraw his plea. *Id.* We typically review a non-exhaustive list of factors in reviewing the court's exercise of discretion. *See, e.g., State v. Moore*, 7th Dist. No. 06CO74, 2008-Ohio-1039, ¶ 13, citing *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1995).

**{¶26}** The only factors gleaned from appellant's motion are those unfavorable to plea withdrawal. For instance, the motion was filed nearly ten years after he entered his plea and was sentenced. And as aforementioned, both the written plea and the court (orally before accepting the plea) advised appellant regarding post-release control. Thus, this is not a case where the defendant is alleging improper advisement concerning post-release control prior to the plea, which would be irrelevant anyway since he ended up being discharged from such obligation. Moreover, at the plea hearing, the court reviewed the new offenses, their degrees, and their ranges of punishments and advised appellant of the rights he would be waiving by pleading guilty. Finally, he was represented by competent counsel throughout and received a favorable result in the plea bargaining process manifested in both the lowered charges and the (jointly recommended) sentence. Since

---

[1]There would be no need for the *Boswell* case (or other subsequent appellate cases cited above) to even categorize the plea withdrawal motion if this mere fact required plea withdrawal. And, if the entire sentence is not void, then the plea is not void either. *See Fischer*, 128 Ohio St.3d 92 at ¶ 26-27 (only the offending portion of the sentence is subject to review and correction), ¶ 38 (rejecting argument that a sentence without proper post-release control would mean there is no conviction and

appellant's motion alleges nothing besides the fact that the post-release control portion of his sentence is void, he comes nowhere near even the liberal standard of a presentence plea withdrawal motion.

{¶27} For all of these reasons, appellant's position on appeal is without merit, and the judgment of the trial court is affirmed.

Donofrio, J., concurs.
DeGenaro, P.J., concurs.

---

thus no final order), ¶ 40 (partially void sentence does not void whole conviction and res judicata still applies to other aspects of conviction);